**In re Laurence Anthony FENNELLY and Sheelagh Mary Fennelly, Debtors.**

**Bankruptcy No. 96–33868.**

United States Bankruptcy Court,
D. New Jersey.

Dec. 20, 1996.

Gail Chester, Middlesex County Legal Services, Perth Amboy, NJ, for Debtors.

Marc Alan Krefetz, Deputy Attorney General, Trenton, NJ, for the State of New Jersey, Division of Motor Vehicles.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on an objection by the State of New Jersey, Division of Motor Vehicles (hereinafter "DMV") to confirmation of the chapter 13 plan of Laurence and Sheelagh Fennelly (hereinafter "debtors"). The DMV argues that a debt arising from surcharges which it imposed is a statutory lien which cannot be avoided by the debtors' plan. The debtors argue that the lien of the DMV is a judicial lien which can be avoided by the plan. This court has jurisdiction under 28 U.S.C. §§ 1334(b), 151 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (*L*). For the reasons which follow the court holds that the lien of the DMV is a judicial lien which can be avoided by the debtors under their plan by operation of Bankruptcy Code section 522(f).

### FINDINGS OF FACT

The debtors filed a petition on May 7, 1996 for adjustment of their debts under chapter 13 of title 11, United States Code (hereinafter "Bankruptcy Code" or "Code"). The DMV filed a proof of claim on October 4, 1996, against Laurence Fennelly in the amount of $14,103.91 for motor vehicle surcharges. The proof of claim asserts that the claim is secured by virtue of judgments entered on 10/18/94, 2/15/95, 2/15/95 and 2/21/95.

The debtors' plan proposes to avoid the lien of the DMV surcharges under Code section 522(f) as a judicial lien which impairs the exemption to which they are entitled in their residence. The DMV filed an objection to confirmation, arguing that its lien is a statutory lien which cannot be avoided under Code section 522(f). The court reserved decision on the objection at the confirmation hearing on November 26, 1996.

### CONCLUSIONS OF LAW

The DMV relies on N.J.Stat.Ann. 17:29A–35(b)(2), which authorizes the DMV to file a certificate of indebtedness with the Clerk of the Superior Court for motor vehicle surcharges. The only provision the statute makes regarding lien status is that

> the docketing of the [surcharges] shall have the same force and effect as a civil judgment docketed in the Superior Court, and the director [of the DMV] shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action....

*Id.*

In other words when docketed in the Superior Court, the DMV surcharge has the same force and effect as a civil judgment. In New Jersey a civil judgment is a lien on real

property from the date it is docketed. N.J.Stat.Ann. 2A:16–1.

The DMV argues that the lien of its surcharge is a statutory lien, which is defined by Bankruptcy Code section 101(53) as a "lien arising solely by force of a statute on specified circumstances or conditions * * *, but does not include security interest or judicial lien. . . ." By contrast, Code section 101(36) defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." The DMV argues that there was no judicial action on its lien, and therefore it is not a judicial lien. It also argues that it has other remedies than judicial remedies to collect surcharges, and that the existence of such additional remedies confirms that the lien is a statutory lien.

The debtors reply that the lien of the surcharges did not arise automatically by operation of statute, as is required to qualify as a statutory lien. Rather, the lien of the surcharges didn't arise until the DMV exercised its right to docket the surcharges with the Superior Court Clerk as a judgment. Such docketing, the debtor argues, is a "legal process or proceeding" within the definition of judicial lien in Bankruptcy Code section 101(36).

The court agrees with the debtor. The lien of the DMV surcharges does not arise *solely* by force of statute as is required of a statutory lien. It arises as a result of the discretionary act of the DMV of docketing the surcharge on the Superior Court's judgment docket. Moreover, the state statute itself provides that upon such docketing the surcharge shall have the same force and effect as a civil judgment. As the debtor argues, "[t]here is no logical basis for this Court to treat the DMV as different from other judgment creditors when the statute [N.J.S.A. 17:29A–35(b)(2) ] mandates that it be treated the same." Debtors Brief Supporting Plan in Response to opposition from State of New Jersey, p. 3.

The court also agrees with the debtor that the existence of other procedures for the DMV to collect the surcharges is irrelevant to the analysis of the nature of the lien in question.

The DMV cites *New York, Susquehanna and W.R.R. v. Vermeulen,* 44 N.J. 491, 210 A.2d 214 (1961), for the proposition that a certificate of debt is not a judgment. The DMV has, however, mischaracterized that decision. The argument in *Susquehanna* was that it violated the separation of powers mandated by the New Jersey Constitution to permit the executive branch to docket a certificate of debt with the same force and effect as a judgment. *Id.* at 503, 210 A.2d 214. The New Jersey Supreme Court rejected that argument, stating "[w]e see no reason to question the legislature's power to invest a tax assessment with the characteristics of a judgment and to provide for its collection by the same remedies available for the enforcement of a judgment." *Id.* at 504, 210 A.2d 214. If that statement in *Susquehanna* has any bearing here, it is to support the conclusion that debts docketed on the judgment docket have the characteristics of a judgment.

■ The issue here of whether the lien in question is a judicial lien as defined by the Bankruptcy Code is a question of federal law. The U.S. Court of Appeals for the Third Circuit held in *Matter of Blease,* 605 F.2d 97 (3d Cir.1979), that a certificate of debt docketed with the Clerk of the Superior Court was to be treated as a judgment for purposes of section 70(c) of the Bankruptcy Act, the predecessor to the "strong arm" powers of a trustee under section 544(a) of the Bankruptcy Code. This court believes that *Blease* is still the law after the enactment of the Bankruptcy Code, and that it stands for the basic proposition that debts docketed as judgments with the Superior Court are to be treated as judicial liens in bankruptcy.

## CONCLUSION

For the foregoing reasons, the lien of the DMV surcharges is a judicial lien within the meaning of Code section 101(36). Since the only basis asserted by the DMV for opposing its avoidance under Code section 522(f) was that the lien is not a judicial lien, the objection is overruled. Hearing on confirmation

of the debtors' plan shall be rescheduled for January 14, 1997 at 11:00 a.m.