ORDER
 

 The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en bane, the petition for rehearing has been referred to the original panel.
 

 The panel wishes to amend the second and third sentences of the second paragraph of Section II (pages 2-3 of the slip opinion, 99 F.3d at 206).
 

 As an amendment to the scope of the judicial power under Article III, state immunity is jurisdictional in the same sense as the complete diversity requirement,
 
 Strawbridge v. Curtiss,
 
 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), or the well-pleaded complaint rule,
 
 Louisville & Nashville R. Co. v. Mottley,
 
 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Although both of the
 
 *-1217
 
 latter two doctrines are based only on statutory interpretation, state immunity is similar to them in that neither the litigants’ consent, nor oversight, nor convenience can justify a court’s exercise of illegal power.
 

 The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.