**In re Laurence Anthony FENNELLY and Sheelagh Mary Fennelly, Debtor/Appellees.**

**Civ. No. 97–1442(GEB).**

United States District Court,
D. New Jersey.

June 16, 1997.

Marc Alan Krefetz, State of N.J. Dept. of Law and Public Safety—Div. of Law, Trenton, NJ, for appellant.

Gail Weirauch Chester, Middlesex County Legal Services Corp., Perth Amboy, NJ, for appellees.

**MEMORANDUM OPINION**

BROWN, District Judge.

This matter comes before the Court on the appeal by the State of New Jersey from the December 20, 1996 Memorandum Opinion and Order of the United States Bankruptcy Court for the District of New Jersey overruling the State of New Jersey's objection to the confirmation of the chapter 13 plan of Laurence and Sheelagh Fennelly. For the reasons set forth in this Memorandum Opinion, the Court will reverse the December 20, 1996 Order of the Bankruptcy Court.

## I. BACKGROUND

Laurence and Sheelagh Fennelly (hereinafter "debtors" or "appellees") filed a petition on May 7, 1996 for adjustment of their debts under chapter 13 of the Bankruptcy Code. The State of New Jersey, Division of Motor Vehicles (hereinafter "DMV") filed a proof of claim on October 4, 1996 against Laurence Fennelly in the amount of $14,103.91 for motor vehicle surcharges. The proof of claim asserts that the claim is secured by virtue of judgments entered on October 18, 1994, February 15, 1995, and February 21, 1995. The debtors' plan proposed to avoid the lien of the DMV surcharges under 11 U.S.C. § 522(f). The DMV filed an objection to the confirmation, arguing that its lien is a statutory lien which cannot be avoided under § 522(f). On December 20, 1996, the Bankruptcy Court overruled the DMV's objection, holding that the lien of the DMV is a judicial lien within the meaning of 11 U.S.C. § 101(36) and is thus avoidable under § 522(f). See In re Fennelly, 203 B.R. 562, 563 (Bankr.D.N.J.1996).

## II. DISCUSSION

■ Before reaching appellant's arguments as to the merits of its appeal, this Court is required to consider sua sponte whether the Eleventh Amendment deprives this Court and the Bankruptcy Court of subject matter jurisdiction over the appellant.[1]

---

1. In Patsy v. Board of Regents, 457 U.S. 496, 515 n. 19, 102 S.Ct. 2557, 2567 n. 19, 73 L.Ed.2d 172 (1982), the Supreme Court noted in dicta that it had never held that the Eleventh Amendment "is jurisdictional in the sense that it must be raised and decided by this Court on it own motion." However, "Patsy's permissive language [was] superseded by Seminole Tribe's holding that '[t]he Eleventh Amendment restricts the judicial power under Article III.' " Wilson–Jones v. Caviness, 99 F.3d 203, 206 (6th Cir.1996) (citing Seminole Tribe of Florida v. Florida, — U.S. —, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)), amended on denial of reh'g, 107 F.3d 358 (6th Cir.1997); see id. ("As an amendment to the scope of the judicial power under Article III, state immunity is jurisdictional in the same sense as the complete diversity requirement, or the well-pleaded

1. *Eleventh Amendment Immunity* ⋅

 The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Although the amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472–73, 107 S.Ct. 2941, 2945–46, 97 L.Ed.2d 389 (1987) (plurality opinion). This immunity is based on a two-part presumption: (1) each state is a sovereign entity; and (2) "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *See Seminole Tribe*, —— U.S. at ——, 116 S.Ct. at 1122 (quoting THE FEDERALIST No. 81, p. 487 (C. Rossiter ed. 1961) (A. Hamilton); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 688–89, 121 L.Ed.2d 605 (1993)). Thus, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Further, as the Supreme Court made clear in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Eleventh Amendment bars suits against state officials sued in their official capacity.

 Where a State consents to being sued, neither the Eleventh Amendment nor the doctrine of sovereign immunity is a bar.

*See Petty v. Tennessee–Missouri Bridge Comm'n*, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959); *see also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 948 F.Supp. 400, 415 (D.N.J.1996). In the matter at hand, it is clear that the State has consented to suit. Following the Supreme Court's decision in *Seminole Tribe*, several courts have concluded that a State waives its Eleventh Amendment immunity when filing a proof of claim in the debtor's case. *See, e.g., AER–Aerotron, Inc. v. Texas Dep't of Transp.*, 104 F.3d 677, 680 (4th Cir.1997) (noting that the "courts that have addressed the waiver issue in the wake of *Seminole* appear to agree that the filing of a formal proof of claim still acts as a waiver of immunity with regard to claims of the debtor arising out of the same transaction."); *In re NVR*, 206 B.R. 831, 851 (Bankr.E.D.Va.1997) (noting that "the filing of a [proof of] claim should at most be interpreted only as an express consent to the adjudication of that claim."); *In re Burke*, 203 B.R. 493, 497 (Bankr.S.D.Ga.1996) ("Georgia's filing a proof of claim in this case waived its sovereign immunity with regard to this court's adjudication of its tax claim against the Debtors."); *In re Lush Lawns, Inc.*, 203 B.R. 418, 421 (Bankr.N.D.Ohio 1996) ("A bankruptcy court cannot acquire jurisdiction over a state unless the state waives its sovereign immunity by filing a proof of claim in the case."); *In re Stoecker*, 202 B.R. 429, 447 (Bankr.N.D.Ill.1996) (noting that the State voluntarily consented to the "limited subject matter jurisdiction and the equitable powers of the [bankruptcy] court and the claim procedures under the Bankruptcy Code when it filed its proof of claim."); *In re York–Hannover Developments*, 201 B.R. 137, 142 (Bankr.E.D.N.C. 1996) ("A State may waive its sovereign immunity by filing a proof of claim or by participating in the proceeding."); *In re Headrick*, 200 B.R. 963, 968 (Bankr.S.D.Ga.1996) ("Al-

complaint rule."). Moreover, the issue of sovereign immunity may be raised for the first time on appeal. *See Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 683 n. 18, 102 S.Ct. 3304, 3314 n. 18, 73 L.Ed.2d 1057 (1982) (stating that the Eleventh Amendment defense sufficiently "partakes of the nature of a jurisdictional bar so that it need not be raise in the trial

court."). Consequently, while the DMV did not raise the Eleventh Amendment issue either before the Bankruptcy Court or this Court, "as with other Article III limits, neither the litigants' consent, nor oversight, nor convenience can constitutionalize a court's exercise of illegal power." *Wilson–Jones*, 99 F.3d at 206.

though Georgia has not legislatively waived its Eleventh Amendment immunity, the weight of authority establishes that it can, and here has, waived this immunity by filing a proof of claim against the Debtor's estate.").

The only case this Court has been able to find which has not found the filing of a proof of claim to constitute a waiver of sovereign immunity is *New Jersey v. Mocco*, 206 B.R. 691 (D.N.J.1997). In *Mocco*, the court stated in dicta that the State "would have retained its sovereign immunity if it had appropriately filed a proof of claim." *See id.* at 693. However, in the face of substantial persuasive authority to the contrary, this Court is unable to rely on the *Mocco* dicta. Consequently, this Court will follow the majority rule that filing a proof of claim constitutes a waiver of a State's sovereign immunity.

In the case at bar, appellant filed a proof of claim on October 4, 1996. As a result, the Bankruptcy Court had jurisdiction over the State to determine the validity of appellant's claim.[2]

### 2. *The Merits of the State's Appeal*

Bankruptcy Rule 8013 provides in pertinent part: "On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...." 11 U.S.C.A. Rule 8013 (West Supp.1993). Thus, where a district court reviews a decision by the bankruptcy court on questions of fact, it applies the "clearly erroneous" standard of review. *See id.; see also Bernheim v. J.H.*

*Cohn & Co. (In re Reach, McClinton & Co.)*, 102 B.R. 381, 386 (D.N.J.), *aff'd*, 893 F.2d 1328 (3d Cir.1989) (citations omitted). A bankruptcy court's conclusions of law, however, are subject to plenary review. *Id.; see also Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1988).

Appellant set forth the following issue on appeal: whether the Bankruptcy Court erred in holding that the DMV's lien against the debtor was a judicial lien and thus avoidable under 11 U.S.C. § 522(f).

N.J.S.A. 17:29A–35(b)(2) (West Supp.1997), in pertinent part, states that:

> As an additional remedy, the director may issue a certificate to the Clerk of the Superior Court stating that the person identified in the certificate is indebted under this surcharge law in such amount as shall be stated in the certificate. The certificate shall reference the statute under which the indebtedness arises. Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon the record of docketed judgments the name of such person as debtor; the State as creditor; the address of such person, if shown in the certificate; the amount of the debt so certified; a reference to the statute under which the surcharge is assessed; and the date of making such entries. The docketing of the entries shall have the same force and effect as a civil judgment docketed in the Superior Court, and the director shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in

---

2. 11 U.S.C. § 106, in pertinent part, states that:
(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section ...
....
(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.
(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall

be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.
*Id.* As this Court has found that the State of New Jersey waived its Eleventh Amendment sovereign immunity by filing a proof of claim, the Court need not determine the applicability or constitutionality of § 106 in light of *Seminole Tribe. See Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 2997, 86 L.Ed.2d 664 (1985) ("[F]ederal courts must consider nonconstitutional grounds for decision before reaching constitutional issues.").

an action, but without prejudice to any right of appeal.

*Id.* Before the Bankruptcy Court, appellant argued that its surcharge lien was a statutory lien, as defined by Bankruptcy Code § 101(53). The Bankruptcy Court, however, found that the "lien of the DMV surcharge does not arise solely by force of statute as is required of a statutory lien. It arises as a result of the discretionary act of the DMV of docketing the surcharge on the Superior Court's judgment docket." *See Fennelly,* 203 B.R. at 564. Consequently, the Bankruptcy Court found the DMV's lien to be a judicial lien, and thus avoidable under 11 U.S.C. § 522(f).

The Bankruptcy Code recognizes three types of liens: judicial, statutory and consensual. *See Graffen v. Philadelphia,* 984 F.2d 91, 96 (3d Cir.1992). As the DMV's lien was not created consensually, it is either a judicial or statutory lien. A judicial lien "means [a] lien obtained by judgment, levy, sequestration, or other legal or equitable proceedings." 11 U.S.C. § 101(36). By contrast, a statutory lien arises "solely by force of a statute on specified circumstances or conditions." 11 U.S.C. § 101(53).

The Third Circuit decision in *Graffen v. Philadelphia,* 984 F.2d 91 (3d Cir.1992), is controlling on this issue. In *Graffen,* the court noted that pursuant to Pennsylvania state law, the City of Philadelphia was authorized to impose liens against property benefited by unpaid water and sewer service. The Pennsylvania statute authorized the City to administratively determine the amount of the lien, and then have the court clerk docket the lien in the judgment index. The debtors in *Graffen* argued that such a lien could be avoided as a judicial lien under 11 U.S.C. § 522(f). The Third Circuit, however, rejected the debtors' argument, and instead held that such a lien was a statutory lien. In its decision, the court found that

> A judicial lien is "obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). But there was no legal process or proceeding in this case. Those terms inherently relate to court procedures or perhaps similar administrative proceed-

ings. While we do not doubt that in some circumstances a judicial proceeding may be *ex parte,*[7] here the Water Department administratively determined the amount of the lien. The prothonotary [court clerk] docketed the lien the Water Department delivered.... We are satisfied that the lien here arose "solely by force of statute" as "Pennsylvania state law authorizes the City of Philadelphia to impose liens against property benefited by unpaid water and sewer service." ·

---

[7] We have recognized that "a lien obtained by confessed judgment is a judicial lien avoidable under section 522(f)(1) of the Code, and not a security interest or a statutory lien." *Gardner v. Pennsylvania,* 685 F.2d 106, 108 (3d Cir.), *cert. denied,* 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1982); *see also In re Ashe,* 712 F.2d 864, 865 (3d Cir.1983), *cert. denied,* 465 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984).

*Graffen,* 984 F.2d at 96.

■ In the matter at hand, the lien at issue arose solely by force of statute. The New Jersey statute merely allows the director of the DMV to issue a certificate to the Clerk of the Superior Court identifying the debtor and the amount of the debt. Upon receiving the certificate, the Clerk of the Court is to enter the lien on the record of docketed judgments. *See* N.J.S.A. 17:29A–35(b)(2). The mere ministerial act of recording the lien does not create the requisite legal process or proceeding required to be a judicial lien. *See Graffen,* 984 F.2d at 96 (noting that docketing is not considered judicial process, and that the requirement that a water lien be docketed does not mean that it cannot be statutory). Consequently, appellant's lien was a statutory lien, and thus could not be avoided under § 522(f).

Appellees argue that *Gardner v. Pennsylvania,* 685 F.2d 106 (3d Cir.1982), is controlling, in that the DMV does not have a lien solely by operation of statute, but that it has the right to record a certificate as a judgment, at which point DMV acquires a judicial lien. *See* Appellee's brief at 4–8. However, the court in *Gardner* dealt with a lien obtained by a confessed judgment, not one arising out of a statute. In *Gardner,* the debtor was required by the State to sign

reimbursement agreements as a condition to receiving assistance from the Department of Public Welfare (hereinafter "DPW"). The debtor signed six such agreements which contained a standard Pennsylvania confession of judgment provision authorizing the entry of judgment on the debtor's real property which could be collected as other judgments. Citing to *In re Ashe*, 669 F.2d 105 (3d Cir. 1982), the court in *Gardner* found that a lien obtained by confessed judgment is a judicial lien avoidable under § 522(f) of the Bankruptcy Code. The court in *Gardner* thus found that DPW was not a holder of a statutory lien, but instead, a judicial lien. *See Gardner*, 685 F.2d at 108–09. However, as evidenced *supra*, the court in *Graffen* noted that *Gardner* does "not stand for the proposition that liens requiring some administrative action to be perfected must be characterized as judicial liens. In *Gardner*, the liens were clearly judicial as they were judgments entered on confessions of judgment executed by the debtor. Under 11 U.S.C. § 101(36), a judgment is a judicial lien." Consequently, as the Third Circuit's decision in *Graffen* controls, the Bankruptcy Court erred in construing appellant's lien as a judicial lien.

## III. CONCLUSION

For the forgoing reasons, the Order of the Bankruptcy Court overruling appellant's objection to the confirmation of the chapter 13 plan of Laurence and Sheelagh Fennelly is reversed.