In re Joseph F. DOWNEY and Mary K. Downey, Debtors.

Daniel Straffi, Trustee, Plaintiff,

v.

Anheuser Busch, Inc., et al., Defendants.

Bankruptcy No. 00–53053 (RTL).
Adversary No. 00–5368.

United States Bankruptcy Court, D. New Jersey.

April 12, 2001.

John J. Farmer, Jr., Attorney General of New Jersey, Tracy E. Richardson, Deputy Attorney General, Trenton, NJ, Attorney for Defendant, the State of New Jersey.

Daniel Straffi, Toms River, NJ, Attorney for Plaintiff/Trustee.

Lewis Golden, Elizabeth, NJ, Pro Se Defendant.

## *OPINION*

RAYMOND T. LYONS, Bankruptcy Judge.

This adversary proceeding addresses the issue of whether a lien under the New Jersey Division of Workers' Compensation statute ("NJ DWC") is a statutory lien under 11 U.S.C. § 101(53) [1], which is unavoidable by the trustee under § 545 under these circumstances, or a judgment lien under 11 U.S.C. § 101(36), which may be avoided by the trustee under 11 U.S.C. § 544(a)(1).

This court has jurisdiction under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court. Additionally, this is a core proceeding that can be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b)(2)(K) regarding the validity, extent, and priority of liens.

For the reasons stated below, this court concludes that the NJ DWC lien is a judgment lien. Since the lien was not levied upon and remained unperfected, the trustee may avoid the lien under 11 U.S.C. § 544(a)(1).

## *FACTS*

Joseph F. and Mary K. Downey filed a voluntary petition for relief under chapter 7. One of the debtors' estate assets includes real property located in Mountain-side, New Jersey, which the trustee intends to sell. Accordingly, the trustee initiated an adversary proceeding requiring all defendants to prove the extent, validity, and priority of their liens. Except for the State of New Jersey and the defendant, Lewis Golden, all other defendants defaulted.

Mr. Golden was a taxi driver who worked for Mr. Downey. He was injured on the job in 1983 and filed a claim for workers' compensation. Mr. Golden holds an award against Joseph Downey in the amount of $38,225.00, which the State docketed in the Superior Court of New Jersey on February 22, 1989. Specifically, the judgment amount included:

| | |
|---|---|
| Temporary Benefits: | $ 51,667.50 |
| Permanent Benefits: | $ 19,140.00 |
| Medical Treatment: | $ 11,118.00 |
| Counsel Fee: | $ 6,000.00 |
| Stenographic Fees: | $ 300.00 |
| **Total:** | $ 38,225.00 |

Mr. Golden's judgment was never levied upon. Assessments were also imposed against the debtor in the amount of $1,650.00, which were payable to the Uninsured Employers' Fund through the Division of Workers' Compensation.

Mr. Downey did not carry workers' compensation insurance at the time of Mr. Golden's injury. When Mr. Golden's award was entered the Director of the Division of Workers' Compensation filed a statement for docketing containing the findings of fact, conclusions of law, award, and judgment amount which was in default. At the time of the adversary hearing, Mr. Golden had not received any money on his judgment.[2]

---

1. All references to the U.S.C. and N.J. Stat Ann are to the West 2000 edition.

2. The State could not explain why Mr. Golden had not been paid by the Uninsured Employ-ers' Fund; however, the Deputy Attorney General undertook steps to investigate whether Mr. Golden was entitled to any benefits from the fund.

## DISCUSSION

### I. The NJ–DWC's Lien is a Judgment Lien.

 The Bankruptcy Code recognizes three types of liens: judicial liens, consensual liens, and statutory liens. H.R.Rep. No. 95–595, at 312 (1977). Because the State's lien was not created by consent, the issue is whether the NJ DWC lien is a judgment or a statutory lien. A judicial lien is a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A statutory lien, however, arises "solely by force of a statute on specified circumstances or conditions." § 101(53).

Generally, the Uninsured Employers' Fund ("Fund") pays awards against uninsured defaulting employers who fail to provide compensation to employees or their beneficiaries in accordance with the provisions of the workers' compensation law. N.J. STAT.ANN. 34:15–120.1; *Bashir v. Commissioner of Dep't of Ins.*, 313 N.J.Super. 1, 2–3, 712 A.2d 670, 671 (App.Div. 1998). The procedure for uninsured defaulting employers who fail to provide compensation to employees is detailed in N.J. STAT.ANN. 34:15–120.1. If an employer is uninsured, unwilling, or unable to pay, the Fund serves as a source of payment to protect an employee from bearing the cost of medical care for work-related injuries. Specifically, the Fund provides for payment of workers' compensation awards, including medical expenses and temporary disability. N.J. STAT.ANN. 34:15–120.1, 120.2b and c, *as amended by* L.1988, c. 25, § 2; *see also West Jersey Health Sys. v. Croneberger*, 275 N.J.Super. 303, 309, 645 A.2d 1282, 1285 (App.Div.1994).

The State argues that the NJ DWC lien is a statutory lien that arises pursuant to N.J. STAT.ANN. 34:15–120.3 entitled "Default by uninsured employer; judgment." This statute states:

In case of default by an uninsured employer in the payment of any compensation due under an award for a period of 45 days after payment is due and payable and the uninsured employer fails or refuses to deposit with the director within 10 days after demand the commuted or estimated value of the compensation payable under the award as security for prompt and convenient payment of such compensation periodically as it accrues, or in case of failure by an employer, within 20 days after it is due to pay any assessment imposed by the director pursuant to section 34:15–79 of the Revised Statutes or section 38 of this act, the director in any such case may file with the Clerk of the Superior Court, (1) a statement containing the findings of fact, conclusions of law, award and judgment of the officer making the award which is in default together with a certified copy of the demand for deposit of security, or (2) a certified copy of the director's order imposing, and the demand for payment of, such assessment, and thereupon, shall have the same effect and may be collected and docketed in the same manner as judgments rendered in causes tried in the Superior Court. The court shall vacate or modify such judgment to conform to any later award or decision by any authorized officer of the division upon presentation of a statement thereof as provided for above. The award may be compromised by the Commissioner of Labor and Industry as in his discretion may best serve the interest of the persons entitled to receive the compensation or benefits.

Furthermore, the State analogizes the facts of this case to *In re Fennelly*, 212 B.R. 61 (D.N.J.1997), which held that a New Jersey Division of Motor Vehicle ("DMV") lien was a statutory lien. *Id.* at

65. In *Fennelly*, the statute at issue entitled "Merit rating accident surcharge for private passenger automobiles; plan; suspension of license; disposition of funds; rules and regulations"[3] provides for a merit rating plan which levies surcharges for certain convictions. This statute allows the Director of the DMV to issue a certificate to the Clerk of the Superior Court identifying the debtor and the amount of the debt. Although the statute does not specifically use the word "lien", there is no judicial process involved for levying surcharges. Upon receiving the certificate, the Clerk of the Court is allowed to immediately enter upon the record of docketed judgments the name of the debtor, the State as creditor, and the amount of the certified debt. *See* N.J. Stat.Ann. 17:29A–35(b)(2). In reviewing the statute, the court found that the mere ministerial act of recording a lien does not create the requisite legal process or proceeding required for a judicial lien, and consequently that the lien in question was a statutory lien that could not be avoided under 11 U.S.C. § 522(f). *Fennelly*, 212 B.R. 61, at 65 (citing *Graffen v. City of Phila.*, 984 F.2d 91, 96 (3d.Cir.1992)).

This court disagrees with the State's argument and finds that the NJ DWC lien is a judicial lien. First, there is no language in the relevant statute, N.J. Stat. Ann. 34:15–120.3, which states that an award creates a lien on an employer's property. Thus, the lien does not arise

"solely by force of statute" within the meaning of 11 U.S.C. § 101(53) defining a statutory lien. Instead, the statute provides for the docketing of a statement or the director's order imposing payment, which has the force and effect of a docketed judgment:

> [T]he director in any such case may file with the Clerk of the Superior Court, (1) a statement containing the findings of fact, conclusions of law, award and judgment of the officer making the award which is in default together with a certified copy of the demand for deposit of security, or (2) a certified copy of the director's order imposing, and the demand for payment of, such assessment, and thereupon, **shall have the same effect and may be collected and docketed in the same manner as judgments rendered in causes tried in the Superior Court.**

N.J. Stat.Ann. 34:15–120.3 (emphasis added).

Second, the language of this statute is significant because it specifically requires judicial action to obtain the lien through a judicial or quasi-judicial proceeding requiring findings of fact and conclusions of law, indicating that there is a judicial or quasi-judicial proceeding required to establish liability. *See id.* Although there are no cases which interpret N.J. Stat.Ann. 34:15–120.3., the lien arising from the docketing of statement fits the definition of

---

3. N.J. Stat.Ann. 17:29A–35(b)(2), in pertinent part, states:

> As an additional remedy, the director may issue a certificate to the Clerk of the Superior Court stating that the person identified in the certificate is indebted under this surcharge law in such amount as shall be stated in the certificate. The certificate shall reference the statute under which the indebtedness arises. Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon the

> record of docketed judgments the name of such person as debtor; the State as creditor ... the amount of the debt so certified ... The docketing of the entries shall have the same force and effect as a civil judgment docketed in the Superior Court, and the director shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action, but without prejudice to any right of appeal.

a judicial lien under 11 U.S.C. § 101(36) since judicial-type action is a pre-requisite.

By contrast, in *In re Sullivan*, 254 B.R. 661 (Bankr.D.N.J.2000), this court held that a New Jersey tax lien on a debtor's delinquent gross income taxes was a statutory lien which arose solely by force of statute under 11 U.S.C. § 101(53). *Id.* at 664–65. Although the State had filed a certificate of debt (COD) as a collection remedy-a document which had same force as docketed judgment under New Jersey law-the filing of the COD did not transform the lien from a statutory to a judicial lien. Rather, under New Jersey law, this court noted that on the day a tax assessment is made, the State's lien becomes established and enforceable, and no judicial action is required to create the lien. *Id.* at 664–65; *see also* N.J. STAT.ANN. 54:49–1. With respect to tax statutes, taxpayers are required to file a tax return before an immediate assessment is made. Furthermore, under New Jersey law, summary enforcement of a tax lien can be accomplished either by warrant of execution on the taxpayer's property, or by the filing of a COD with the clerk of Superior Court, who enters debt as a judgment. N.J. STAT.ANN. 54:49–12; 54:49–13a. For these reasons, the lien was statutory since it arose solely by force of statute.

Therefore, the main difference between the NJ–DWC statute and a state tax lien is that the former requires a judicial proceeding whereas the latter does not. Similarly, *Fennelly* is distinguishable from the

case at bar since it did not involve a judicial proceeding before the ability to file a statement of docketing, whereas the NJ DWC does. For these reasons, the NJ–DWC is a judgment lien because under the terms of the statute it is one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding", in accordance with 11 U.S.C. § 101(36).

## II. Because the Judgement Lien Remained Unperfected, the Trustee may Avoid it Under § 544(a)(1).

 Under 11 U.S.C. § 544(a)(1),[4] a trustee is granted the status of a hypothetical judicial lien creditor who has levied upon the debtors' property. The trustee, as a hypothetical lien creditor, can avoid any lien of a judgment creditor who has not levied on the debtor's property. *See e.g., In re Feldman*, 54 B.R. 659, 660 (Bankr.D.N.J.1985) (lienholders who failed to execute on judgments were subordinate to trustee who had avoiding power of creditor possessing an unsatisfied execution against the debtor). Because the NJ DWC lien is a judicial lien that was not levied upon, the trustee can avoid it under 11 U.S.C. § 544(a)(2) and assert his status as a hypothetical lien judgment creditor as of the date of the petition.

 The trustee may also avoid assessments imposed against the debtor in the amount of $1,650.00 under N.J. STAT.ANN. 34:15–120.1. This section neither creates a lien nor gives the Director the right to file a statement for docketing (unlike N.J.

---

4. 11 U.S.C. § 544 entitled "Trustee as lien creditor and as successor to certain creditors and purchasers" states, in part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

STAT.ANN. 34:15–120.3, which gives the Director authority to file a statement for docketing for assessments "pursuant 34:15–79 or section 38 of this act." [5])

Lastly, N.J. STAT.ANN. 34:15–120.1 is not mentioned in 34:15–120.3, which is the only section that allows for the filing of a statement for docketing. If the legislature meant to provide a lien for assessments under 34:15–120.1 this language would have been included in 34:15–120.3. In this case, the State included the assessment amount in their statement. Therefore, for all these reasons, the trustee can avoid this lien because there is no authority for the lien on this assessment.

### CONCLUSION

The statement for docketing under N.J. STAT.ANN. 34:15–120.3 is a judgment lien and the trustee can avoid it under 11 U.S.C. § 544 because the State has not levied. In addition, because the Director does not have the right to file a statement of docketing for assessments under N.J. STAT.ANN. 34:15–120.1, the trustee can also avoid those assessments.

5. Section 38 could not be cross-referenced or found by either the court or the State.