**In re Michael JAMES, Debtor.**

**In re Phyllis Allen, Debtor.**

**Nos. 00–15864(GMB), 03–13458(GMB).**

United States Bankruptcy Court,
D. New Jersey.

Jan. 30, 2004.

Eric J. Clayman, Jenkins & Clayman, Audubon, NJ, for Debtors.

Mary J. Goldschmidt, Deputy Attorney General, Department of Law & Public Safety, Division of Law, Richard J. Hughes Justice Complex, Trenton, NJ, for New Jersey Motor Vehicle Commission.

Isabel C. Balboa, Cherry Tree Corporate Center Cherry Hill, NJ, for Chapter 13 Standing Trustee.

## MEMORANDUM OPINION

GLORIA M. BURNS, Bankruptcy Judge.

The present motions are before the Court on two factually distinct, but legally related issues. Debtor Michael James ("James") and Debtor Phyllis Allen ("Allen") (collectively, the "Debtors"), both contend that there is no equity in their residences to which the State of New Jersey Motor Vehicle Commission (the "NJ MVC") liens may attach. Additionally, Debtors contend that if equity permitting attachment exists, Debtors may exempt the equity under 11 U.S.C. § 522(d)(1). Debtors seek to avoid the liens under 11 U.S.C. § 522(f)(1)(A) because the NJ MVC has a judicial, rather than a statutory lien. Therefore, Debtors have moved to reclassify the NJ MVC's secured claims.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the Standing Order of the United States District Court for the District of New Jersey dated July 23, 1984, referring all bankruptcy cases to the bankruptcy court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) regarding the validity, extent, and priority of liens. Venue of this case is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

On December 20, 1994, the NJ MVC issued a Certificate of Debt to the Clerk of the Superior Court of New Jersey against James for unpaid motor vehicle surcharges. James filed a Chapter 13 bankruptcy petition on July 18, 2000. On January 21, 2001, the NJ MVC filed a secured proof of claim in the amount of $7,211.37 based on these surcharges. James' petition lists real property, with a market value of $130,000.00. Chase Manhattan Mortgage Corporation holds a first mortgage on the property, with a secured proof of claim indicating a principal balance due of $92,614.84. James states that he owns the property with his girlfriend and has a one-half ownership interest in the property's equity amounting to $18,692.58.

James moves to reclassify the NJ MVC's claim, which was filed as secured, arguing that the NJ MVC has a judicial lien that impairs his exemption under § 522(d)(1), and is thus avoidable under § 522(f).

Allen filed the present Chapter 13 bankruptcy on February 3, 2003. The NJ MVC filed a secured proof of claim in the amount of $1,295.74 on May 5, 2003. The NJ MVC based this claim on the docketing of several Certificates of Debt by the Clerk of the Superior Court for Allen's liability for motor vehicle surcharges. Allen valued her residence on her bankruptcy schedules at $57,000.00. Allen's mortgage company filed a secured proof of claim in the amount of $64,176.00. Therefore, Allen asserts that there is no equity in her property to which the NJ MVC's lien can attach. Allen also seeks to avoid the NJ MVC's lien, which she asserts is a judicial lien under § 522(f).

## DISCUSSION

■ Liens in bankruptcy proceedings can be consensual, judicial, or statutory liens. *In re Downey,* 261 B.R. 124, 126 (Bankr.D.N.J.2001) (*citing* H.R.Rep. No. 95–595, at 312 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6269). The present dispute concerns whether the NJ MVC's liens are statutory or judicial liens. If the liens are judicial, they may be avoidable by the Debtors under § 522(f) to the extent they impair the Debtors' exemptions. This section permits debtors to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien...." 11 U.S.C. § 522(f)(1)(A).

Consequently, to determine if the liens at issue are avoidable under § 522(f)(1)(A), the Court must decide whether the NJ MVC's liens are judicial liens. The Bankruptcy Code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). By contrast, a statutory lien is one "arising solely by force of a statute on specified circumstances or conditions ... not includ[ing] security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute;" 11 U.S.C. § 101(53).

■ The NJ MVC bases its secured proofs of claim on certificates of debt from the Clerk of the New Jersey Superior Court pursuant to N.J.S.A. 17:29A–35(b)(2) (the "surcharge statute"). The surcharge statute codifies New Jersey's motor vehicle insurance surcharges, designedly placing upon high-risk drivers the added cost of insurance. *In re Johnson,* 226 N.J.Super. 1, 7–8, 543 A.2d 454 (N.J.Super.A.D.1988). The statute provides:

As an additional remedy, the commission may issue a certificate to the Clerk of the Superior Court stating that the person identified in the certificate is indebted under this surcharge law in such amount as shall be stated in the certificate. The certificate shall reference the statute under which the indebtedness arises. Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon the record of docketed judgments the name of such person as debtor; the State as creditor ... the amount of the debt so certified.... The docketing of the entries shall have the same force and effect as a civil judgment docketed in the Superior Court, and the commission shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action, but without prejudice to any right of appeal.

N.J.S.A. 17:29A–35(b)(2).

In analyzing whether the NJ MVC's liens are statutory or judicial, the Court must look at Third Circuit precedent. In *Graffen v. City of Philadelphia,* 984 F.2d 91 (3d Cir.1992), the Court addressed the issue of whether a City of Philadelphia water lien was statutory or judicial. 984 F.2d at 97. Under the Pennsylvania municipal lien statute in *Graffen,* a municipal claim for unpaid water bills became a lien against a debtor's property, after the prothonotary docketed the lien. *Id.* at 94. In pertinent part, this statute provided:

> With the exception of those claims which have been assigned, any municipal claim, including interest, penalty and costs, imposed by a city of the first class, *shall be a lien* only against the said property after the lien has been docketed by the prothonotary. The *docketing of the lien* shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien. The prothonotary shall enter the claim in the judgment index.

Pa. Stat. Ann. tit. 53, § 7106(b) (1972) (emphasis added). The Third Circuit held that the water lien was statutory, it arose "solely by force of statute," and was therefore, not a judicial lien. *Graffen,* 984 F.2d at 96. The Court reasoned that docketing was simply a specified condition for creating the statutory lien. *Id.; see also In re Zukowfsky,* CIV.A. 95–2817, 1995 WL 695108, at *4 (E.D.Pa. Nov. 21, 1995), *aff'd,* 92 F.3d 1175 (3d Cir.1996) (unpub.opinion); *In re A & R Wholesale Distrib., Inc.,* 232 B.R. 616, 618–19 (Bankr.D.N.J.1999); *In re Fennelly,* 212 B.R. 61, 65 (D.N.J.1997).

Subsequently, the New Jersey District Court applied *Graffen* to the surcharge statute and concluded that the NJ MVC obtains a statutory lien. *Fennelly,* 212 B.R. at 65. The District Court explained that the surcharge statute merely permits the NJ MVC director to issue a certificate to the Clerk of Superior Court identifying the debtor and amount of the debt. *Id.* Focusing, as did *Graffen,* on whether there was a judicial process or proceeding, *Fennelly* stated that the "mere ministerial act of recording the lien does not create the requisite legal process or proceeding required to be a judicial lien." *Id.*

■ Respectfully, by focusing upon the surcharge statute's plain language as distinguished from the language of the Pennsylvania municipal lien statute, this Court reaches a different conclusion. The surcharge statute sets in motion the following sequential acts: (1) the statute permits the commission to issue a certificate to the Clerk of the Superior Court; (2) the Clerk dockets the certificate as a judgment; (3) docketing the judgment has the same force and effect as docketing a civil judgment under New Jersey law; (4) under New Jersey law, docketing a judgment with the

Clerk of the Superior Court establishes a lien on the debtor's real property. N.J.S.A. 17:29A–35(b)(2); *In re Blease,* 605 F.2d 97, 98 (3d Cir.1979). The surcharge statute's language differs from the Pennsylvania statute in *Graffen.* The Pennsylvania statute states that the municipal claim "shall be a lien." Such a lien is one arising "solely by force of statute" under § 101(53).

Not only does the surcharge statute lack similar explicit lien-creating language, but the additional remedy it grants the commission is to docket a certificate of debt, which is the equivalent of a judgment. N.J.S.A. 17:29A–35(b)(2); *see In re Schick,* 301 B.R. 170, 173 (Bankr.D.N.J.2003). Docketing a judgment with the Clerk of the Superior Court establishes a lien on the debtor's real property. *Blease,* 605 F.2d at 98; N.J.S.A. 2A:16–1. The NJ MVC's lien arises by virtue of the docketed "judgment" and not by virtue of the statute itself. *Schick,* 301 B.R. at 173–74.

■ Both *Graffen* and *Fennelly* focused on whether the docketing under the statutes was a legal process or proceeding. *Schick,* 301 B.R. at 173. Under the Bankruptcy Code a judicial lien can arise in one of four ways: (1) judgment, (2) levy, (3) sequestration, or (4) other legal or equitable process or proceeding. *Id.*; 11 U.S.C. § 101(36). By focusing on whether the surcharge statute creates a lien that is "obtained by judgment" and not by statute, the Court concludes that the lien is a judicial lien. *Schick,* 301 B.R. at 173–74; *see also Gardner v. Commonwealth of Pennsylvania, Dept. of Public Welfare,* 685 F.2d 106 (3d Cir.1982), *cert. denied,* 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1982); 11 U.S.C. § 101(36).

■ Solely because a lien depends upon a statute does not determine if the lien is statutory under the Code. *A & R Wholesale,* 232 B.R. at 619; *In re Under-wood,* 103 B.R. 849, 851 (Bankr.E.D.Mich. 1989). *Underwood* explained that courts must consider the lien's origin, not the means of enforcement in determining the nature of particular liens. *Underwood,* 103 B.R. at 851. The Code's definition of statutory liens expressly excludes judicial liens, "whether or not such interest or lien is provided by or is dependant on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. § 101(53); *Schick,* 301 B.R. at 174. Consequently, although the NJ MVC bases the debtors' obligations and the amount of the debt on the surcharge statute, the lien itself is judicial because it originates from the judgment. Additionally, "it is unlikely that in every instance in which a statute provided that a judgment becomes a lien only upon its docketing or recordation that Congress intended that the lien would be a statutory lien." 4 *Collier on Bankruptcy,* ¶ 7.04[3] at 7–22 (15th Ed. Rev.1996); *see also A & R Wholesale,* 232 B.R. at 619.

■ Furthermore, as Debtors cite, the surcharge statute lien differs from both the New Jersey, Division of Taxation lien statute, and the Internal Revenue Service lien statute. Both of the tax statutes explain that tax debt shall be a lien upon the debtor's property and/or rights. *See* 26 U.S.C. § 6321; N.J.S.A. 54:49–1. Courts have properly noted that the tax liens are statutory because the liens arise solely by force of statute. *See In re Sullivan,* 254 B.R. 661, 664–65 (Bankr.D.N.J.2000). Also worth noting is *In re Downey,* 261 B.R. 124 (Bankr.D.N.J.2001), wherein Judge Lyons contrasted a New Jersey Worker's Compensation lien with the state tax lien in holding that the worker's compensation lien required a judicial proceeding and so was not a statutory lien. 261 B.R. at 128.

Finally, *Schick* recognizes a fact that other courts distinguishing judicial and statutory liens appear to have overlooked. Namely, "the definition of judicial lien only requires that the lienor hold a judgment against the debtor." *Schick,* 301 B.R. at 175. *Schick* concluded that where a statute grants a party a judgment rather than an express lien, the party holds a judicial lien under the Code. *Id.* It is unnecessary for every judicial lien to have some manner of accompanying legal process or proceeding. *See* 11 U.S.C. § 101(36). For instance, in some circumstances judicial proceedings may be ex parte. *Graffen,* 984 F.2d at 96.

As an example, under Pennsylvania law the prothonotary may enter a confession of judgment for money "without the agency of an attorney and without the filing of a complaint, for the amount which may appear to be due from the instrument." Pa. R. Civ. P. 2951(a)(1). Similar to a litigated judgment, upon entry the judgment note results in a lien upon all real property of the debtor in the county of filing. 42 Pa. Cons.Stat. Ann. § 4303(a). The Third Circuit has held that "a lien obtained by confessed judgment is a judicial lien avoidable under section 522(f)(1) of the Code, and not a security interest or a statutory lien." *Gardner,* 685 F.2d at 108 (*citing In re Ashe,* 669 F.2d 105 (3d Cir.1982)). The NJ MVC's lien can be analogized to a confession of judgment because the lien may be obtained without the filing of a complaint or other legal proceedings, for the amount stated in the certificate.

Therefore, this Court concludes that the NJ MVC holds judicial liens, permitting the Debtors to avoid the liens to the extent that they impair the Debtors' exemptions.