**In the Matter of Rhona FELDMAN, Debtor.**

**Rhona FELDMAN, Plaintiff,**

v.

**Richard FELDMAN, et al., Defendants.**

**Bankruptcy No. 84–0450.**

United States Bankruptcy Court,
D. New Jersey.

July 22, 1985.

Donald B. Devin, Lesser & Devin, Budd Lake, N.J., for debtor.

Edward A. Dreskin, Newark, N.J., for Fidelity Bank.

Arthur K. Sirkis, Hackettstown, N.J., for Chemical Bank.

### OPINION AND ORDER

D. JOSEPH DeVITO, Judge.

The instant matter is an adversary proceeding brought on by the debtor, pursuant to Bankruptcy Rule 7001, *et seq.* The debtor petitions this Court to enter an order invalidating certain liens encumbering real property owned by the debtor, which the holders thereof have not executed upon. Conversely, the creditors/lienholders oppose the motion and seek validation of their liens. For the reasons set forth below, this Court hereby grants the motion and invalidates all unexecuted liens against the debtor pertaining to the subject matter property.

A review of the relevant facts reveals that Rhona Feldman, the debtor herein, and

her husband, Richard Martin Feldman, purchased property commonly known as 6 Thackery Drive, located in Roseland, New Jersey, on February 11, 1977. For reasons unexplained, Richard transferred his interest in the property to the debtor on September 29, 1977. On January 24, 1983, the debtor filed her petition seeking relief under Chapter 13 of Title 11.

For a time period preceding the debtor's filing and extending back as far as 1970, the debtor and Richard Feldman, both jointly and as individuals, incurred certain sizable debts. Several of the creditors obtained judgments in the state court. However, with the exception of one creditor, a Salvatore Nuzzo, these judgments remained unexecuted.

On September 10, 1984, the debtor filed an amended complaint, amending an earlier complaint filed on July 25, 1984, seeking to sell the above noted parcel of real property with the proviso that the proceeds of the sale would be subject to liens. The sale was consummated, and the balance of the proceeds, after payment of certain court-ordered disbursements, was and remains on deposit in an interest bearing account. Such is the status of the matter at the present time.

Section 544 of the Bankruptcy Code provides, in pertinent part, that a trustee shall have, as of the commencement of a case, the same avoiding power as does a creditor possessing an unsatisfied execution against the debtor, regardless of whether such a creditor actually exists. 11 U.S.C. § 544[a][2]. Section 544 is known in its entirety as the "strong-arm clause" of the Code because of the avoidance power it granted to the trustee. H.R.Rep. No. 595, 95th Cong., 1st Sess. 370 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 85 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. The statute effectively transforms the trustee into "the ideal creditor, irreproachable and without notice, armed *cap-a-pie* with every right and power which is conferred by the law of the state upon its most favored creditor." *In re Waynesboro Motor Co.*, 60 F.2d 668, 669 (S.D.Miss.1932).

*See also* 4 *Collier on Bankruptcy* ¶ 544.02 (15th ed. 1979). This concept of the trustee as the "ideal creditor" is controlling in this jurisdiction. *In re Matter of Kravitz*, 278 F.2d 820, 822 (3d Cir.1960); *In the Matter of Lea Fabrics, Inc.*, 226 F.Supp. 232, 235 (D.N.J.1964); *In the Matter of Callahan Motors, Inc.*, 396 F.Supp. 785, 791 (D.N.J. 1975). Yet, while the federal bankruptcy law empowers the trustee, it is state law which governs what he shall receive in the forum's scheme of priorities. *Id.* Turning to the law of this forum, New Jersey law provides a writ of execution is not binding until delivered to the sheriff. N.J.S.A. § 2A:17-10 (West). Creditors hold no power absent proof of a levy of their executions upon the secured property. *See Glorieux v. Schwartz*, 53 N.J.Eq. 231, 233, 28 A. 470 (1894). Thus, it is clear a creditor holding an unexecuted levy occupies a lower priority than a creditor who has already executed upon his lien, even if said execution remains unsatisfied. *See Burg v. Edmondson*, 111 N.J.Super. 82, 85, 267 A.2d 545 (1970); *In re Fornabai*, 227 F.Supp. 928, 930 (D.N.J.1964).

Applying the foregoing to the facts at hand, the trustee or, as herein, the debtor is imbued with the qualities of the "ideal creditor" under state law, pursuant to § 544[a][2]. In New Jersey, the "ideal creditor" is one who has executed upon his judgment lien, even if said execution was returned unsatisfied. This also comports with that statute's specific description of the trustee as a creditor. Since the lienholders in question failed to execute upon their respective judgments, by virtue of state law their claims are of a lesser priority than that of the "ideal creditor"/debtor. This being so, they are subject to the avoiding power of § 544[a]. Therefore, recognizing the superior priority of the debtor and the debtor's power of avoidance, this Court hereby

ORDERS that the unexecuted judgment liens against the proceeds of the sale of 6 Thackery Drive are hereby invalidated and deemed to be without effect.