In re William F. SULLIVAN, Debtor.

No. 99–61058 RTL.

United States Bankruptcy Court,
D. New Jersey.

Nov. 1, 2000.

John J. Farmer, Jr., Attorney General of New Jersey, Tracy E. Richardson, Deputy Attorney General, Trenton, NJ, for State of New Jersey, Division of Taxation.

Andrea Dobin, Sterns & Weinroth, P.C., Trenton, NJ, for Chapter 7 Trustee.

## *OPINION*

RAYMOND T. LYONS, Bankruptcy Judge.

The chapter 7 trustee moved under 11 U.S.C. §§ 544 and 545 (West 2000) to avoid a tax lien of the State of New Jersey arising pursuant to N.J. STAT. ANN. §§ 54:49–1 and 49–12. (West 2000).[1] This court has jurisdiction under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 referring all cases under Title 11 of the United States Code to the bankruptcy court. Additionally, this is a core proceeding that can be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b)(2)(K) regarding the validity, extent, and priority of liens.

1. All references to the U.S.C. and N.J. STAT. ANN. are to the West 2000 edition.

The issue in this case is whether a chapter 7 trustee can avoid a state tax lien using 11 U.S.C. § 544 or § 545 where the State has filed a certificate of debt ("COD") but has not levied on the debtor's assets.[2] This court concludes that a chapter 7 trustee cannot avoid a state tax lien under § 544 or § 545 where the State files a COD but has not levied because: (1) the tax lien arises solely by force of statute under N.J. STAT. ANN. §§ 54:49–1 and 49–12, thereby satisfying the definition of "statutory lien" under 11 U.S.C. § 101(53); (2) 11 U.S.C. § 545 is the exclusive provision available to a trustee when avoiding statutory liens; and (3) a state lien with a COD is superior to the rights of a bona fide purchaser under § 545(2) and thus cannot be avoided.

### FACTS

On December 10, 1998, the State of New Jersey Division of Taxation filed a COD against the debtor with the Clerk of Superior Court for delinquent gross income taxes related to the debtor's prepetition operation of Chelsea Strategic Systems, Inc. This lien attached to all the property owned by the debtor. *See* N.J. STAT. ANN. § 54:49–1. On October 1, 1999, the debtor filed a chapter 7 petition and the State filed a secured proof of claim against the debtor in the amount of $26,275. The chapter 7 trustee sold a piece of real estate free and clear of liens, with liens to attach to the proceeds, then moved to expunge or modify the State's claim on the grounds that the claim was unsecured, rather than secured.

The trustee sought to avoid the tax lien under 11 U.S.C. § 544(a)(3), arguing that although the State had filed a COD, it had not levied on the debtor's assets. The trustee maintained that the State stood in the same position as any other judgment creditor who had not levied, and that a trustee, who has the power of a hypothetical bona fide purchaser of the debtor's real property under § 544(a)(3), could avoid the State's tax lien. Furthermore, § 545(a)(2) gives the trustee the rights of a bona fide purchaser against statutory liens, bolstering her motion to avoid the state's tax lien. In response, the State argued that its lien was automatically perfected by statute, and therefore was a statutory lien, as opposed to a judgment lien. Furthermore, the State asserted that § 545 is the exclusive provision for avoiding statutory liens thereby prohibiting the trustee from relying on § 544. Since the filed COD gave constructive notice of the tax lien, the State maintained that its lien was enforceable against a bona fide purchaser. Accordingly, the state argued that the trustee could not avoid it under 11 U.S.C. § 545.

### DISCUSSION

The Bankruptcy Code recognizes three types of liens: judicial liens, consensual liens, and statutory liens. H.R.Rep. No. 95–595, at 312 (1977). Because the tax lien in question was not created by consent, the preliminary issue is whether the tax lien is a statutory lien or a judicial lien. A judicial lien is a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). By contrast, a statutory lien arises "solely by force of a statute on specified circumstances or conditions." § 101(53).

### A. The tax lien is a statutory lien.

■ The tax lien arises solely by force of statute under N.J. STAT. ANN. §§ 54:49–1[3] thereby satisfying the definition of

---

2. Consequently, this court does not reach the issue of whether a trustee could avoid a state lien if neither a warrant of execution was issued nor a COD was filed.

3. N.J. STAT. ANN. § 54:49–1 titled "Tax a debt and lien; preference; proceeds paid to commissioner" states:

The taxes, fees, interest and penalties imposed by any such State tax law, or by this subtitle, from the time the same shall be

"statutory lien" under 11 U.S.C. § 101(53).[4] The legislative history of the Bankruptcy Code buttresses this finding, indicating that "[a] statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action." S.Rep. No. 95–989, at 27 (1978). In addition, the House and Senate Reports list tax liens and mechanics' liens as examples of statutory liens. H.R.Rep. No. 95–595, at 314 (1977); S.Rep. No. 95–989, at 27 (1978).

■ At the outset it is important to understand how a lien is created under the N.J. State Tax Uniform Procedure Law. *See* N.J. Stat. Ann. § 54–48–1. Under this statute, taxes imposed by any State tax law are a personal debt of the taxpayer and are a lien on all of his property except as against an innocent purchaser for value without notice. *See* N.J. Stat. Ann. § 54–49–1; *see also* 13A N.J. Pract. § 24.61 (John Celentano ed., 1991). The Division of Taxation is authorized to make an assessment if it determines that there is a deficiency in payment. *See* N.J. Stat. Ann.

due, shall be a personal debt of the taxpayer to the State, recoverable in any court of competent jurisdiction in an action in debt in the name of the State. Such debt, whether sued upon or not, shall be a lien on all the property of the debtor except as against an innocent purchaser for value in the usual course of business and without notice thereof, and except as may be provided to the contrary in any other law, and shall have preference in any distribution of the assets of the taxpayer, whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the commissioner.

Although the above language states that the taxes, fees, interest and penalties are recoverable in any court of competent jurisdiction, that does not render the State's lien a judgment lien. *See* discussion *infra* pp. 665–66. The tax debt relates to failure to pay over gross income taxes withheld from employees. The State relies on the Tax Uniform Procedure Law for its lien, not any specific provisions of the Gross Income Tax Act. *Cf. In re Johns*, 242 B.R. 265, 269 (D.N.J.1999) (applying assessment procedures of the New Jersey Gross Income Tax Act).

§ 54:49–6; *see generally Monica Fuel Inc. v. I.R.S.*, 56 F.3d 508, 509 (3d Cir.1995). On the day the assessment is made, the State's lien becomes established and enforceable. *See id.* at 512 (state tax liens choate at time of federal assessment and superior to federal tax lien because on date of Division's final assessment the identity of lienor, property subject to lien and amount of lien had been established). Once a tax is properly assessed, no judicial action is required to enforce the state's lien. *See In re Johns*, 242 B.R. 265, 269 (D.N.J.1999) (state income tax liens entitled to priority over later federal tax liens, but only as to unpaid taxes due on state income tax returns filed prior to date of federal tax assessments) (citing *Monica Fuel*, 56 F.3d 508, 513).

■ Summary enforcement can be accomplished either by a warrant of execution on the taxpayer's property under N.J. Stat. Ann. § 54:49–13a, or by the filing of a COD with the clerk of the Superior Court of New Jersey who enters the debt as a judgment. N.J. Stat. Ann. § 54:49–12.[5]

4. *In re Blease*, 605 F.2d 97 (3d Cir.1979) (per curiam) is inapplicable because the State makes a different argument in this case. In *Blease*, the court addressed the issue of whether liens asserted by the State against a bankrupt's property were invalid against a trustee under § 70(c) of the Bankruptcy Act when the State had failed to levy. *See id.* The State had filed a COD and only asserted the rights of a judgment creditor. The court found that the tax lien was invalid against the trustee. *See id.* at 99. The State did not argue that the lien was statutory, thus, the court did not reach the question of whether the State's lien could be avoided under § 67 of the Act, a precursor to present-day § 545.

5. N.J. Stat. Ann. § 54:49–12 titled "Alternate remedy; certification of debt; effect as judgment; procedure" states, in relevant part:

As an additional remedy, the Director of the Division of Taxation may issue a certificate to the Clerk of the Superior Court that any person is indebted under such State tax law in such an amount as shall be stated in the certificate ... Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon his record of docketed judgments the name of such person,

*Monica Fuel,* 56 F.3d 508, 513 (Sloviter, J., concurring). In this case, the State filed a COD against the debtor for delinquent gross income taxes related to the debtor's prepetition operation of Chelsea Strategic Systems. Under N.J. STAT. ANN. §§ 54A:7–1 and 54A:7–5, every employer is required to deduct and withhold income taxes from its employees and is made liable for such tax. "[A]ny amount required to be withheld and paid over to the State ... shall be considered the tax of the employer." *Id.* A person required to withhold tax who willfully fails to pay it over is liable for a penalty equal to the amount of tax not paid over. N.J. STAT. ANN. 54A:9–6(g). This is, presumably, the source of Mr. Sullivan's tax liability as a responsible person for Chelsea Strategic Systems, Inc.

The gist of the trustee's argument is that the State, having filed a COD, stands in the same position as any other nonlevying judgment creditor. Specifically, the trustee cites N.J. STAT. ANN. § 54:49–12 and argues that because the filing of a COD is considered as having the same force and effect as the entry of a docketed judgment, absent levy the State has no greater right than any other non-levying judgment creditor. In effect, says the trustee, the State's lien is equivalent to a judgment lien.

This court rejects the trustee's argument. N.J. STAT. ANN. § 54:49–1 specifically creates the lien. Although the language of N.J. STAT. ANN. § 54:49–12 states that the filing of a COD is considered as having the same force and effect as the entry of a docketed judgment, that does

and ... the amount of the debt so certified ... The making of the entries shall have the same force and effect as the entry of a docketed judgment in the office of such clerk, and the director shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action....

6. In *Graffen,* PA. STAT. ANN. tit. 53 § 7106(b) (West 2000) provided:

not make the tax lien a judgment lien for purposes of 11 U.S.C. § 101(36). Rather, the filing of a COD is merely an alternate collection remedy provided by N.J. STAT. ANN. § 54:49–12. *Monica Fuel,* 56 F.3d at 513; *see also Graffen v. City of Phila.,* 984 F.2d 91, 96 (3d Cir.1992) (filing of city lien is simply a means of protecting priority of lien as to subsequent purchasers and lienors); *In re Fennelly,* 212 B.R. 61, 65 (D.N.J.1997) (mere ministerial act of recording lien does not create requisite legal process or proceeding required for judicial lien); *see also Pennsylvania v. Zukowfsky,* 1995 WL 695108, *4 (E.D.Pa. Nov.22, 1995), *aff'd by* 92 F.3d 1175 (3d Cir.1996) (use of the word judgment is belied by the lack of judicial process necessary to effectuate liens).

◼ Ultimately, whether a lien arises solely by force of a statute is determined by state law or by federal non-bankruptcy law. *In re Loretto Winery, Ltd.,* 898 F.2d 715, 720 (9th Cir.1990). The statute at issue in *Graffen* stated, "The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien." [6] Similarly, the N.J. statute states that "the making of the entries shall have the same force and effect as the entry of a docketed judgment in the office of such clerk." N.J. STAT. ANN. § 54:49–12. Noting that the language of the tax lien is similar to the language of PA. STAT. ANN. tit. 53 § 7106(b) cited in *Graffen,* this court concludes that the State's lien arises "solely by force of statute" and is statutory.

With the exception of those claims which have been assigned, any municipal claim, including interest, penalty and costs, imposed by a city of the first class, shall be a lien only against the said property after the lien has been docketed by the prothonotary. The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien.

## B. Section 545 is the exclusive provision available to a trustee.

■ This court also finds that 11 U.S.C. § 545 is the exclusive provision under which a trustee can avoid a statutory lien.[7] The Code's legislative history supports this finding specifically stating that § 545(b)[8] "limits the trustee's power to avoid tax liens under Federal, state, or local law." S.Rep. No. 95–989, at 27 (1978). From this language, it is clear that Congress' intent was to provide a set of specific conditions in 11 U.S.C. § 545 by which statutory liens could be avoided by a trustee in bankruptcy. *In re Stanford,* 826 F.2d 353, 355 (5th Cir.1987) (tax liens against debtors' real property created by Texas statutes for ad valorem taxes assessed against property were statutory liens that were secured interests and not only priority claims). In *Stanford,* Judge Garwood addressed the exclusivity of 11 U.S.C. § 545, stating:

> Congress specifically provided the conditions under which statutory liens on a debtor's property could be avoided by the trustee in bankruptcy; Congress could have allowed a trustee to avoid all unrecorded liens or all unrecorded state tax liens, but did not do so.... In sum, the plain language of the Bankruptcy Code provides that statutory liens not avoidable under any condition specified in section 545 have secured status, and there is nothing in the Code that suggests state tax liens should not continue to be regarded as statutory liens if they meet the conditions of section 545.

*Id.* at 355–57. Congress specified those conditions it deemed essential to an unavoidable valid statutory lien, and, by omission, declined to require other preconditions. *See id.* at 357.

■ There is an ancient canon of statutory construction: *expressio unius est exclusio alterius.* The method prescribed in a statute for enforcing the rights provided in it is presumed to be exclusive. 2A SUTHERLAND STAT. CONST. § 47.23 (Norman J. Singer ed., 5th ed.1992) (citing *Goldman v. First Fed. Sav. & Loan Ass'n of Wilmette,* 518 F.2d 1247 (7th Cir.1975)). Furthermore, as a general rule, a more specific statute covering a particular subject is controlling over a provision covering the same subject in more general terms—that is, that the inclusion of one thing is the exclusion of the other. Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment. *See, e.g., Bulova Watch Co. v. United States,* 365 U.S. 753, 758, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961); *Rodgers v. United States,* 185 U.S. 83, 87–89, 37 Ct.Cl. 552, 22 S.Ct. 582, 46 L.Ed. 816 (1902) (Brewer, J.).[9]

7. Section 545 of the Bankruptcy Code provides:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
> (1) first becomes effective against the debtor—
> (A) when an insolvency proceeding other than under this title concerning the debtor is commenced;
> (B) when an insolvency proceeding other than under this title concerning the debtor is commenced;
> (C) when a custodian is appointed or authorized to take possession;
> (D) when the debtor becomes insolvent;
> (E) when the debtor's financial condition fails to meet a specified standard; or
> (F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;
> (3) is for rent; or
> (4) is a lien of distress for rent.

8. Subsection (b) refers to § 545(2).

9. *See Rodgers,* 185 U.S. 83, at 88, 37 Ct.Cl. 552, 22 S.Ct. 582, 46 L.Ed. 816 (citing SEDGWICK, ON THE CONSTRUCTION OF STATUTORY AND CONSTITUTIONAL LAW 98 (n.d.)):

> The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and

In passing § 545, Congress provided a comprehensive scheme for avoidance of certain statutory liens. To this extent, § 545 precludes the application of any other provision in the Bankruptcy Code, and therefore the trustee may not employ § 544. Accordingly, the trustee may challenge the tax lien only by application of 11 U.S.C. § 545, which permits the trustee to avoid the fixing of certain types of liens. She may not rely on § 544.

There are consequences of deciding that the trustee may only rely on § 545. In this case the trustee has asserted only the status of a bona fide purchaser. Under both §§ 544(a)(3) and 545(2) the trustee is granted the status of a hypothetical bona fide purchaser. Thus, in this case it does not matter whether the trustee seeks to avoid the tax lien under either § 544 or § 545. Section 544, however, gives in the trustee additional strong-arm powers. In particular, Section 544(a)(2) "vest[s] the trustee with the equitable rights of a hypothetical creditor with a writ of execution returned unsatisfied." 5 COLLIER ON BANKRUPTCY ¶ 544.06 (15th ed.2000). For example, the trustee, as a hypothetical lien creditor, can avoid any lien of a judgment creditor who has not levied on the debtor's property.[10]

Because the tax lien at issue is statutory and because § 545 is the exclusive avoidance provision for statutory liens, the trustee cannot rely on her strong-arm powers under § 544. However, assuming that § 544 applied and that the tax lien was deemed to be a judgment lien, the trustee should have argued that the State stood in the same position as any other judgment creditor who had not levied, and that the trustee, who has the status of a levying judgment creditor under § 544(a)(2), could avoid the State's tax lien. This argument under § 544(a)(2) was not presented by the trustee but, nevertheless, cannot be ignored. If this court found that the tax lien was, in fact, a judgment lien, the trustee might have prevailed by relying on § 544(a)(2).

■ Instead, the trustee argues that she has the status of a bona fide purchaser of real property for value under 11 U.S.C. § 544(a)(3), and that her strong-arm power allows her to avoid the State's secured claim. The trustee relies on N.J. STAT. ANN. § 2A:17-39 for the proposition that her rights are superior to the State's. This section, which is entitled "Sale of real estate free of lien of judgments or recognizances on which executions not issued," states:

Whereas, other judgments, and recognizances, besides those, or some of those, by virtue whereof the sale aforesaid was made, might affect the real estate so sold, if no provision be made to remedy the same, and whereas, the persons who have not taken, or will not take out

he has acted upon it, a subsequent statute in general terms or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all.

10. *See e.g., In re Feldman,* 54 B.R. 659 (Bankr.D.N.J.1985). In this case, the court found that where the lienholders failed to execute on their judgments, they were subordinate to a trustee who had the avoiding power of a creditor possessing an unsatisfied execution against the debtor. *See id.* at 660. "The ideal lien creditor in New Jersey," said the court, "is one who has executed on his

judgment lien even if said execution was returned unsatisfied." *Id.* Since the lienholders failed to execute upon their respective judgments, by virtue of state law their claims were of a lesser priority than that of the "ideal creditor/debtor" [sic], and they were subject to the avoiding power of § 544(a). *See id.* [Substitute "debtor" with "trustee" in the previous sentence.] *See also In re Blease,* 605 F.2d 97, 98 (3d Cir.1979) (noting the general priority rule in New Jersey, which is that a junior judgment creditor who levies first takes priority over a senior judgment creditor who has not levied) (internal citations omitted); *Accord New Brunswick Sav. Bank v. Markouski,* 123 N.J. 402, 587 A.2d 1265, 1270 (1991).

executions upon their judgments, or recognizances, ought not to hinder or prevent such as do take out executions from having the proper effect and fruits thereof, therefore, in any such case, the purchaser, his heirs and assigns, shall hold the lands, tenements, hereditaments, and real estate by him or her purchased as aforesaid, free and clear of all other judgments and recognizances, whatsoever, on or by virtue of which no execution has been taken out and executed on the real estate so purchased.

N.J. Stat. Ann. § 2A:17–39. The trustee contends that she has the rights of a purchaser under the statute to take free and clear of judgment liens.

Despite the statute's abstruse language, the problem with the trustee's argument under N.J. Stat. Ann. § 2A:17–39 is that it relates to the issue of priority among levying and nonlevying judgment creditors, not statutory tax liens. *See New Brunswick Sav. Bank v. Markouski,* 123 N.J. 402, 587 A.2d 1265 (1991) (N.J. Stat. Ann. § 2A:17–39 has been consistently construed as granting junior levying creditor priority over all senior nonlevying judgment creditors in distribution of proceeds of sheriff's sale). The statute applies where one judgment creditor has levied on real estate and caused the sheriff to sell it. In such case the purchaser takes free of the liens of non-levying creditors. In *In re Fornabai,* 227 F.Supp. 928 (D.N.J.1964), the court rejected the application of this statute to tax liens and stated:

> It is clear from the language of the statutory provision upon which the Government relies, and the judicial interpretation of it over many years that its provisions were intended to apply only to priority inter se among those holding liens by judgment or recognizance and that it has no effect in the determination of priority of lien holders other than those mentioned.

Thus, N.J. Stat. Ann. § 2A:17–39 is inapplicable in this case since the trustee is not a purchaser at a sheriff's sale and the statute does not impair the priority of a tax lien. *Id.* at 931.

**C. A tax lien with a COD is superior to the claim of a bona fide purchaser under § 545(2) and thus cannot be avoided.**

▇▇▇▇ Having determined that the tax lien is statutory, and that 11 U.S.C. § 545 is the only applicable section by which the trustee might avoid the State's lien, the remaining issue is whether the trustee as a hypothetical bona fide purchaser takes priority over a tax lien where a COD has been filed. The basic objective of § 545 is that once public notice of a tax lien has been filed, the government is generally entitled to priority. *See* S.Rep. No. 95–989, at 27 (1978). Similarly, the purpose of the State's statute is to give notice to third parties—specifically bona fide purchasers performing title searches—that the State maintains a lien on property. In doing so, the filing of a COD ensures that bona fide purchasers are not subject to a secret lien on the property. *See* N.J. Stat. Ann. § 54:49–1 *supra* note 3 (lien is valid except as against an innocent purchaser without notice).

▇▇▇▇ The statutory lien's validity against a bona fide purchaser under § 545(2) is determined under state law. *In re Loretto Winery, Ltd.,* 898 F.2d 715, 720 (9th Cir.1990). The language of the tax lien states that the lien is valid "except as against an innocent purchaser for value in the usual course of business and without notice." N.J. Stat. Ann. 54:49–1. The trustee, with the status of a bona fide purchaser, would be entitled to the benefit of this exception in the tax lien statute. The filing of a COD, however, gives constructive notice to everyone of the state's tax lien and has the same force and effect as a judgment lien. N.J. Stat. Ann. 54:49–12. A judgment, when docketed in the records of the Clerk of the Superior Court, becomes a lien on the debtor's real estate. N.J. Stat. Ann. 2A:16–1. The Clerk's records are public and give constructive no-

tice to everyone of the judgment liens and COD's docketed there.[11] Moreover, a judgment lien (and a COD) takes priority over a purchaser of real estate who acquires title after the judgment has been docketed. *See New Brunswick Sav. Bank v. Markouski,* 123 N.J. 402, 587 A.2d 1265, at 1269–1270 ("when land is sold at a private sale, the judgment passes with the land and is not extinguished by the mere transfer of ownership"); *see also Jones v. Parker,* 107 N.J.Super. 235, 258 A.2d 26 (App.Div.1969) ("The purpose of [the] recording provisions is to give constructive notice of judgment liens to subsequent purchasers, encumbrancers and others who may deal with real estate."). Thus, the COD in this case which was docketed prepetition has priority over the trustee who has the status of a bona fide purchaser acquiring title as of the petition filing date. Therefore in this case, the trustee may not avoid the tax lien because bona fide purchasers were on notice of the COD at the time of the commencement of this case, in accordance with 11 U.S.C. § 545(2).

## CONCLUSION

In sum, the chapter 7 trustee cannot avoid a tax lien under § 545 where the State has filed a COD because: (1) N.J. STAT. ANN. §§ 54:49–1 and 49–12 satisfy the definition of "statutory lien" under 11 U.S.C. § 101(53); (2) § 545 is the exclusive provision available to a trustee seeking to avoid statutory liens; and (3) a State lien with a COD is superior to the right of a bona fide purchaser under § 545(2) and thus cannot be avoided.

---

11. For example, in *Graffen v. City of Phila.,* 984 F.2d 91, 94 (3d Cir.1992), the statutory lien was unavoidable because it was perfected to the extent that it could have been enforced against a bona fide purchaser when the debtors filed their petition. The court specifically stated, "we cannot fairly hold that as of the time of the Graffens' petition a reasonably intelligent searcher would have had little chance of discovering a water lien docketed in the prothonotary's office." *Id.* at 95.