**In re SHELDAHL, INC., Debtor.**

No. 02–31674.

United States Bankruptcy Court, D. Minnesota.

Sept. 9, 2003.

Michael Meyer, for City of Northfield.

Faye Knowles, Minneapolis, MN, for debtor.

James Rubenstein, Minneapolis, MN, for Committee of Unsecured Creditors.

## ORDER GRANTING AND DENYING MOTIONS FOR SUMMARY JUDGMENT

DENNIS D. O'BRIEN, Bankruptcy Judge.

This lien avoidance proceeding was heard on July 10, 2003, on cross-motions for summary judgment by the City of Northfield and Sheldahl. Michael Meyer appeared on behalf of the City of Northfield; Faye Knowles appeared on behalf of the Debtor, and James Rubenstein appeared on behalf of the Committee of Unsecured Creditors. The Court, having heard arguments of counsel, and reviewed briefs submitted by the parties, and being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

The Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code on April 30, 2002. On September 10, 2002, the City timely filed proof of claim number 621 in the amount of $223,093.99 for water and sewer services provided to the Debtor's property prepetition. The charges for these services were never recorded in the office of the Registrar of Titles in the county where the property is located. The proof of claim indicated that the City's claim is secured by a lien on the property imposed by §§ 82–35 and 82–109 (formerly § 1405:20 and § 1412:40) of Northfield's City Code. The City contended that the claimed lien is legally enforceable and authorized by Minnesota's Constitution as well as Minnesota Statutes § 444.075 and § 514.67. On January 24, 2003, the Debtor filed an objection to the City's claim, based on the assertion that the claim is not secured by a lien and should be allowed only as an unsecured claim. The Committee agreed with the Debtor's position. The Committee also argued that, in the event that Northfield otherwise had a lien under state law, it can be avoided pursuant to §§ 544(a)(3) and 545 because the lien was not recorded, it is a secret lien unenforceable under Minnesota law, and because enforcement is barred by Minnesota's Torrens' property system.

At hearing on March 6, 2003, the Court ruled that the City has a lien on the Debtor's property for water and sewer services under Minnesota law, and on March 7, 2003, the Court entered an Order directing that the issue whether the lien can be avoided pursuant to § 544 or § 545 of the Bankruptcy Code proceed as an adversary proceeding. The parties have now filed cross-motions for summary judgment on this issue.

The Court concludes that Northfield's lien is enforceable even though it has not been recorded and is a secret lien, and that

enforcement is not barred by the Minnesota Torrens' property system.

## II.

Section 544(a)(3) provides:

(3) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—... (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Section 545(2) grants the trustee power to avoid the fixing of a certain statutory liens:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien–

. . . .

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

A "bona fide purchaser" is "one who buys something for value without notice of another's claim to the item or of any defects in the seller's title; one who has in good faith paid valuable consideration for property without notice of adverse claims". Blacks Law Dictionary (7th Ed.1999). The

term "Statutory Lien" means a lien arising solely by force of a statute on specified circumstances or conditions. 11 U.S.C. § 101(53). "[A] statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action." S.Rep. No. 95–989, at 27(1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5871.

■ The Debtor and the Committee argue that, assuming the City has a lien,[1] it is not enforceable against property acquired by a bona fide purchaser because it has not been perfected by any recording, and because it is a secret lien unenforceable under Minnesota case law.

Section 545 is the exclusive provision for the avoidance of statutory liens under the Bankruptcy Code. *In re Sullivan*, 254 B.R. 661 (Bankr.D.N.J.,2000); *Matter of Stanford*, 826 F.2d 353 (5th Cir.1987). Legislative history supports this conclusion by specifically stating that § 545 "limits the trustee's power to avoid tax liens under Federal, state, or local law." S.Rep. No. 95–989, at 85 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5871. The City's lien is a statutory lien and is not subject to avoidance under § 544(a)(3) because Congress expressly limited the trustee's powers to avoid statutory liens in 11 U.S.C. § 545.[2]

State law determines whether a lien is enforceable against property acquired by a bona fide purchaser under 11 U.S.C. § 545. *In re Pierce*, 809 F.2d 1356, 1359 (8th Cir.1987). Northfield's statutory lien is not unenforceable due to non-recording of the lien. Enforcement of the lien against

---

1. Although the Court found at the March 6, 2003, hearing that the City has a valid lien, the Debtor and the Committee do not agree, and reserve their right of appeal upon the entry of a final order for judgment on the claim.

2. The issue of which statute, or whether both, might apply seems academic, since the analysis under either produces the same result. The issue is whether Northfield's lien is enforceable against property acquired by a bona fide purchaser under Minnesota law.

property acquired by bona fide purchasers is not dependent upon recording or filing by terms of the statute creating it. Minn. Stat. § 514.67 provides that:

All charges and expenses for any inspection, examination, or other governmental service of any nature ... shall constitute and be a first and prior lien from the date of such inspection, examination, or service upon all property in this state subject to taxation as the property of the person from whom such charges and expenses are by law authorized or required to be collected. *No record of such lien shall be deemed necessary,* but the same shall be duly presented or proven in any bankruptcy, insolvency, receivership, or other similar proceeding, or be barred thereby. *(Emphasis added)*

■ A "secret lien" is a statutory or equitable lien that arises without any notice to the public and requires no perfection. In re *Loretto Winery, Ltd.,* 898 F.2d 715, 719 (9th Cir.1990) (statutory grape producer's lien is a secret lien); *In re Miller,* 164 B.R. 644, 647 (Bankr.D.Mont. 1994) (equitable lien imputed by law is a secret lien). That the lien is a secret lien is not solely determinative of its enforceability. Not all statutory secret liens are unenforceable against property acquired by bona fide purchasers. See *In re Loretto Winery, Ltd.,* 898 F.2d 715 (9th Cir. 1990); *In re Hilde,* 120 F.3d 950, 952 (9th Cir.1997).

Northfield's unrecorded statutory lien is expressly enforceable by Minnesota law. Minn.Stat. § 444.075, Subd. 1a authorizes municipalities to construct and provide water and sewer services. The lien imposed by Minn.Stat. § 514.67 against the property benefitted by the water and sewer services is collectible through the property tax system. Minn.Stat. § 444.075 subd. 2b, provides:

On or before October 15 in each year, the district or county board may certify to the county auditor all unpaid outstanding charges, and a description of the lands against which the charges arose. The county auditor shall extend the charges with interest not to exceed the interest rate provided for in section 279.03, subdivision 1, upon the tax rolls of the county for the taxes of the year in which the charge is filed. *For each year ending October 15 the charge with interest shall be carried into the tax becoming due and payable in January of the following year, and shall be enforced and collected in the manner provided for the enforcement and collection of real property taxes.* The charges, if not paid, shall become delinquent and subject to the same penalties and the same rate of interest as real property taxes. *(Emphasis added)*

The City's Ordinances also indicate that the liens are imposed against the property benefitting from the services and are in the nature of a property tax. See *Northfield City Code* § 82.35, § 82–109, and § 82–242. Section 514.67 unrecorded liens for water and sewer services are expressly enforceable under Minnesota law through Minn.Stat. § 444.075 against property acquired by bona fide purchasers.

■ Finally, the Debtor and the Committee argue that the City's lien is rendered unenforceable by Minnesota's Torrens' property system. Minn.Stat. 508.25 provides:

Rights of person holding certificate of title:

Every person receiving a certificate of title pursuant to a decree of registration and every subsequent purchaser of registered land who receives a certificate of title in good faith and for a valuable consideration shall hold it free from all encumbrances and adverse claims, ex-

cepting only the estates, mortgages, liens, charges, and interests as may be noted in the last certificate of title in the office of the registrar, and also excepting any of the following rights or encumbrances subsisting against it, if any:

(1) liens, claims, or rights arising or existing under the laws or the constitution of the United States, which this state cannot require to appear of record;

(2) *the lien of any real property tax* or special assessment;

(3) any lease for a period not exceeding three years when there is actual occupation of the premises thereunder;

(4) all rights in public highways upon the land;

(5) the right of appeal, or right to appear and contest the application, as is allowed by this chapter;

(6) the rights of any person in possession under deed or contract for deed from the owner of the certificate of title; and

(7) any outstanding mechanics lien rights which may exist under sections 514.01 to 514.17.

No existing or future lien for state taxes arising under the laws of this state for the nonpayment of any amounts due under chapter 268 or any tax administered by the commissioner of revenue may encumber title to lands registered under this chapter unless filed under the terms of this chapter.

Minn.Stat. 508.25 *(Emphasis added).*

Minn.Stat. § 444.075 designates water and sewer charges, liens created by Minn. Stat. § 514.67, real property taxes for enforcement and collection purposes, and, by Minn.Stat. 508.25(2), the liens are preserved against property acquired by bona fide purchasers, even though the liens are not recorded on the certificate of title to the real property benefitted by the water and sewer services.

**III.**

Northfield's lien is a statutory lien and is not subject to avoidance under § 544(a)(3) because 11 U.S.C. § 545 governs the avoidance of statutory liens. And, since Northfield's lien is enforceable even though it has not been recorded and is a secret lien, and enforcement is not barred by the Minnesota Torrens' property system, the lien is not avoidable under 11 U.S.C. § 545. Accordingly, it is hereby **ORDERED:**

1. The City of Northfield's motion for summary judgment is granted and the Debtor's and Creditor Committee's motion for summary judgment is denied.

2. City of Northfield is entitled to judgment that its lien in the amount of $223,093.99 for water and sewer charges is not subject to avoidance by 11 U.S.C. §§ 544(a)(3) and 545, and is not avoided, but remains valid and enforceable against the property or its proceeds.

**Let judgment be entered accordingly.**