**In the matter of Tracey L. SCHICK, Debtor.**

**No. 02–19562/JHW.**

United States Bankruptcy Court, D. New Jersey.

Nov. 18, 2003.

Eric J. Clayman, Esq., Jenkins & Clayman, Audubon, NJ, for Debtor.

Mary J. Goldschmidt, Esq., Deputy Attorney General, Department of Law & Public Safety, Division of Law, Trenton,

NJ, for New Jersey Motor Vehicle Commission.

Isabel C. Balboa, Esq., Cherry Hill, NJ, Chapter 13 Standing Trustee.

### *OPINION*

JUDITH H. WIZMUR, Bankruptcy Judge.

To be resolved here is the debtor's motion to reclassify as unsecured the claim held by the New Jersey Motor Vehicle Commission ("NJ MVC") for unpaid surcharges and interest. The debtor, Tracey L. Schick, asserts that the lien held by the NJ MVC is a judicial lien, which impairs her entitlement to a homestead exemption, and which should be avoided by operation of 11 U.S.C. § 522(f). The NJ MVC contends that it holds a statutory lien that is not avoidable by the debtor. For the reasons expressed below, I conclude that the lien held by the NJ MVC is a judicial lien, as that term is defined under the Bankruptcy Code, which may be avoided to the extent that it impairs the debtor's homestead exemption.

The debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 1, 2002. The debtor's residence was listed with a value of $100,000, against which a secured proof of claim in the amount of $91,660.85 was filed by the first mortgagee. The debtor scheduled the State of New Jersey/Department of Motor Vehicles [1] as an unsecured creditor.

The debtor's Chapter 13 plan, which provides for the curing of arrears on her mortgage and on a car loan, with no divi-dend to unsecured creditors, was confirmed on February 28, 2003. A modified plan was proposed by the debtor on March 12, 2003, extending the time for payment. On April 4, 2003, the NJ MVC filed a secured claim for $3,610.12, plus interest, based on motor vehicle surcharges assessed against the debtor. The debtor now moves to reclassify the NJ MVC's claim as an unsecured claim and to avoid its lien under 11 U.S.C. § 522(f) as impairing the debtor's section 522(d) exemption.[2]

Section 522(f) provides a mechanism for the debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is a judicial lien." 11 U.S.C. § 522(f)(1). A judicial lien is defined under the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A statutory lien is defined as a lien

arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. § 101(53).

The NJ MVC's secured proof of claim is based on certificates of debt issued to the Clerk of the Superior Court and docketed on April 3, 2001 and February 26, 2002. The certificates of debt were issued pursu-

---

1. The New Jersey Division of Motor Vehicles ("DMV") became the NJ MVC on January 28, 2003 with the passage of the Motor Vehicle Security and Customer Service Act, N.J.S.A. 39:2A–1 *et seq.* The designations are used interchangeably herein.

2. Under 11 U.S.C. § 522(d)(1), the debtor is entitled to assert up to $17,425.00 in value as an exemption. The debtor's Schedule C does not reflect a claimed exemption in her personal residence. This decision is premised upon the anticipated amendment by the debtor of Schedule C.

ant to the Commission's authority under N.J.S.A. 17:29A–35(b)(2) (the "state surcharge statute"), which provides in relevant part,

> ... As an additional remedy, the commission may issue a certificate to the Clerk of the Superior Court stating that the person identified in the certificate is indebted under this surcharge law in such amount as shall be stated in the certificate. The certificate shall reference the statute under which the indebtedness arises. Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon the record of docketed judgments the name of such person as debtor; the State as creditor; the address of such person, if shown in the certificate; the amount of the debt so certified; a reference to the statute under which the surcharge is assessed, and the date of making such entries. The docketing of the entries shall have the same force and effect as a civil judgment docketed in the Superior Court, and the commission shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action, but without prejudice to any right of appeal.

N.J.S.A. 17:29A–35(b)(2).

To determine whether the lien held by the NJ MVC against the debtor's residence qualifies as a judicial lien, which may be avoided to the extent that it impairs the debtor's exemption, or a statutory lien, which may not be so avoided, our focus is drawn first to *Graffen v. City of Philadelphia*, 984 F.2d 91 (3d Cir.1992).

In *Graffen*, the Third Circuit considered whether the lien authorized by Pa.Stat. Ann. tit. 53, § 7106(b) (the "municipal lien statute"),[3] was a statutory lien or a judicial lien. Under the statute, a municipal claim for unpaid water bills becomes a lien against a debtor's property, and has the effect of a judgment, after it has been docketed by the prothonotary and entered in the judgment index. The Third Circuit concluded that the lien was statutory because there was no "legal process or proceeding" giving rise to the lien as required by the definition of a judicial lien under 11 U.S.C. § 101(36). The court explained that the terms "legal process or proceeding", "inherently relate to court procedures or perhaps similar administrative proceedings." *Id.* at 96. Although the municipal lien statute specifies that the lien only arises upon the docketing of the debt, and not automatically when the municipal services are assessed, the court determined that "the docketing simply [was] a specified condition for creation of the statutory lien as defined in 11 U.S.C. § 101(53)." *Id.* at 97. The court recognized that "Pennsylvania state law authorizes the City of Philadelphia to impose liens against property benefited by unpaid water and sewer service." *Id.* at 96 (citing to *Ransom v. Marrazzo*, 848 F.2d 398, 404 (3d Cir.1988)). In the court's opinion, there was "no reason why the requirement that a ... lien be docketed [should] mean[ ] that it cannot be statutory." *Id.* See also *In re Zukowfsky*, CIV.A. 95–2817, 1995 WL 695108, *4 (E.D.Pa. Nov.21, 1995), *aff'd*, 92 F.3d 1175 (3d Cir.1996) (unpub.opinion) ("The only 'process' neces-

---

**3.** Pa.Stat.Ann. tit. 53, § 7106(b) provides as follows:

> With the exception of those claims which have been assigned, any municipal claim, including interest, penalty and costs, imposed by a city of the first class, shall be a lien only against the said property after the

lien has been docketed by the prothonotary. The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien. The prothonotary shall enter the claim in the judgment index.

sary to the liens' realization was the docketing by the Prothonotary which is clearly not adequate judicial process to classify the lien as judicial.").

Applying *Graffen*, New Jersey District Court Judge Brown determined that the DMV surcharge statute at issue here, N.J.S.A.17:29A–35(b)(2), imposes a statutory lien rather than a judicial lien which may be avoided under 11 U.S.C. § 522(f). *In re Fennelly*, 212 B.R. 61 (D.N.J.1997). Judge Brown explained that the "New Jersey statute merely allows the director of the DMV to issue a certificate to the Clerk of the Superior Court identifying the debtor and the amount of the debt," *id.* at 65, and that the "mere ministerial act of recording the lien does not create the requisite legal process or proceeding required to be a judicial lien." *Id.* The court concluded that the resulting lien was therefore a statutory lien, as defined by the Bankruptcy Code, because it arose "solely by force of statute."

In *Fennelly*, the court focused on the nature of the statutory process required to create a lien under both the *Graffen* municipal claim statute and the New Jersey surcharge statute, concluding that the processes were substantially the same. Because the *Graffen* court concluded that the docketing required to give rise to the municipal lien conferred by the statute was not a "legal process or proceeding" within the definition of "judicial lien," Judge Brown reached the same result regarding the surcharge statute. I must respectfully disagree with Judge Brown's conclusion in *Fennelly*.[4]

As noted above, a lien may be designated as a judicial lien under the Bankruptcy Code if it is obtained by "judgment," by "levy," by "sequestration," or by "other legal or equitable process or proceeding." 11 U.S.C. § 101(36). The *Graffen* court held, and *Fennelly* confirmed, that a statutory requirement specifying the process by which a claim is docketed for lien recording purposes is insufficient to characterize a lien as a judicial lien that is "obtained ... by other legal or equitable process or proceeding." Unlike *Graffen*, the issue here is not whether the surcharge lien conferred upon the state qualifies as a judicial lien because it is "obtained ... by other legal or equitable process or proceeding." Rather, the issue is whether the surcharge lien qualifies as a judicial lien because it is "obtained by judgment."

The surcharge statute confers upon the state the benefits of "a civil judgment docketed in the Superior Court." The NJ MVC has "all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action." N.J.S.A. 17:29A–35(b)(2). There is no express grant of a lien to the state in the statute. Rather, the state may docket a certificate of debt, which is treated as a New Jersey judgment. When a New Jersey judgment is docketed in the records of the Clerk of the Superior Court, it becomes a lien on the debtor's real estate by operation of N.J.S.A. 2A:16–1.[5] *See In re Blease*, 605 F.2d 97, 98 (3d Cir.1979). Here, the "judgment" conferred upon the NJ MVC by the surcharge statute is the basis for obtaining the state's lien upon the

---

**4.** While district court decisions are afforded substantial deference on questions of law, they are not binding on the bankruptcy courts within a multi-judge district court. *In re Stafford Pool & Fitness Center*, 252 B.R. 627, 631 (Bankr.D.N.J.2000); *In re Brown*, 244 B.R. 62, 64 (Bankr.D.N.J.2000).

**5.** "No judgment of the superior court shall affect or bind any real estate, but from the time of the actual entry of such judgment on the minutes or records of the court." N.J.S.A. 2A:16–1.

debtor's property. The lien is therefore "obtained by judgment," within the definition of a judicial lien under 11 U.S.C. § 101(36). *Cf. Gardner v. Commonwealth of Pennsylvania, Dept. of Public Welfare,* 685 F.2d 106 (3d Cir.), *cert. denied,* 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1982) (Liens for reimbursement of public assistance were determined to be judicial liens under § 101(36) of the Bankruptcy Code, because the liens were judgments, entered on confessions of judgment executed by the debtor pre-petition.). The fact that the judgment becomes a lien on the debtor's property by operation of another statute does not cause the NJ MVC judicial lien to become a statutory lien. The definition of a statutory lien under the Bankruptcy Code expressly excludes a "judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. § 101(36).

In contrast to the New Jersey surcharge statute, the Pennsylvania municipal lien statute discussed in *Graffen* expressly confers a "lien" upon the municipality. The lien conferred by the Pennsylvania municipal lien statute differs materiality from an ordinary judgment, because the lien may be "given the effect of a judgment against the said property only with respect to which the claim is filed as a lien." PA.STAT. ANN. tit. 53, § 7106(b). In other words, unlike a judgment, the lien may be enforced only against the property which received the benefit of the lienholder's services. Unlike a judgment, the lien cannot be enforced against personalty, or collected from the responsible owners in other ways. The designation of the lien conferred by the Pennsylvania municipal lien statute as a statutory lien under the Bankruptcy Code in *Graffen* is not inconsistent with the designation of the lien conferred

by the New Jersey state surcharge statute as a judicial lien.

The debtor correctly contrasts two statutes, the State of New Jersey, Division of Taxation lien statute, N.J.S.A. 54:49-1 ("Such [tax] debt, whether sued upon or not, shall be a lien on all the property of the debtor") and the Internal Revenue Service lien statute, 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, that belonging to such person.") with the state surcharge statute. Both the state and federal tax lien statutes expressly grant a lien to the respective government entity, which may readily be designated as a statutory lien rather than a judicial lien under the Bankruptcy Code. *See, e.g., In re Sullivan,* 254 B.R. 661 (Bankr.N.J.2000) (State tax lien statute gives rise to a statutory lien).

■ In *In re Zukowfsky,* CIV.A. 95–2817, 1995 WL 695108 (E.D.Pa. Nov.21, 1995), *aff'd,* 92 F.3d 1175 (3d Cir.1996), the district court determined that a statute which provided that an unpaid penalty due to the Commonwealth of Pennsylvania "shall constitute a judgment in favor of the Commonwealth," PA.STAT.ANN. tit. 52, § 1396.18d, actually gave rise to a statutory lien. Looking beyond the term "judgment" in the statute, the court concluded that the requisite judicial process necessary to obtain a judicial lien was missing. In an unreported decision, the Third Circuit affirmed without opinion. *See Pane v. RCA Corp.,* 667 F.Supp. 168, 173 (D.N.J. 1987), *aff'd,* 868 F.2d 631 (3d Cir.1989) ("an unpublished memorandum opinion ... does not constitute binding precedent in this circuit"); *see also* 3d Cir. IOP 5.7 ("Such opinions are not regarded as precedents that bind the court."). While I

readily acknowledge that a judgment is customarily achieved by legal process or proceeding, the definition of judicial lien only requires that the lienor hold a judgment against the debtor.[6] Where, as here, a statute effectively confers a judgment rather than an express lien in favor of a party, the party holds a judicial lien, as that term is defined in the Bankruptcy Code. *Cf. Lugo v. Paulsen*, 886 F.2d 602, 608 (3d Cir.1989) (a surcharge debt due to the State of New Jersey, which arises upon the debtor's conviction of the underlying offense in municipal court, constitutes a "judgment" within the meaning of 11 U.S.C. § 523(a)(9)).

Having reached the conclusion that the NJ MVC holds a judicial lien, which may be avoided to the extent that it impairs the debtor's exemption, I need not take up the debtor's alternate argument that the lien may be avoided under 11 U.S.C. § 544.

Counsel for the debtor shall prepare an order in conformance with the above opinion. The order shall also provide that the debtor must file modified exemptions within 10 days of the entry of the order.

---

6. A motor vehicle surcharge, which gives rise to the equivalent of a judgment, may be characterized as the product of a legal process or proceeding. Under N.J.S.A. 17:29A–35, surcharges are imposed upon drivers who accumulate 6 or more motor vehicle points over the last 36 months, or who are convicted of driving while intoxicated. "Motor vehicle points" are defined as points "accumulated as a result of conviction of a motor vehicle violation(s) and other events." N.J.A.C. 11:3–24.2. A point schedule for the violations of Titles 27 and 39 is found at N.J.A.C. 11:3–34 App., Sched. 2. Convictions for driving while intoxicated and for motor vehicle violations are premised on the opportunity of the driver charged with the offense to be provided with a full adjudicatory process, usually in municipal court, which qualifies as a "legal proceeding".