**In re Tracey L. SCHICK.**

**No. 04–CV–0067 (RBK).**

United States District Court,
D. New Jersey,
Camden Vicinage.

May 4, 2004.

**190**

Eric J. Clayman, Jenkins & Clayman, Audubon, NJ, Attorney for Appellee/Debtor.

Mary J. Goldschmidt, Deputy Attorney General, Department of Law & Public Safety, Division of Law, Trenton, NJ, Attorney for Appellant/New Jersey Motor Vehicle Commission.

Isabel C. Balboa, Cherry Hill, NJM, Chapter 13 Standing Trustee.

## OPINION

KUGLER, District Judge.

In this Chapter 13 bankruptcy case, the Court must determine whether a lien held by the New Jersey Motor Vehicle Commission ("NJ MVC") for unpaid motor vehicle surcharges and interest constitutes a judicial lien or a statutory lien as those terms are defined under the Bankruptcy Code (the "Code"). If the lien is judicial, then it may be avoided under section 522(f) of the Code by the debtor Tracy L. Schick ("the debtor" or "Schick") to the extent that it impairs her homestead exemption under section 522(d)(1). Conversely, if the lien is statutory, it may not be avoided by the debtor. For the reasons expressed below, the Court finds the NJ MVC's lien is statutory, and thus, cannot be avoided under section 522(f) of the Code.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are not in dispute. In April 2001 and February 2002, respectively, the NJ MVC issued Certificates of Debt to the Clerk of the Superior Court of New Jersey against Schick for unpaid motor vehicle surcharges. Subsequently, on October 1, 2002, Schick filed a voluntary petition under Chapter 13 of the Code. She valued her residence at $100,000, against which a secured proof of claim in the amount of $91,660.85 was filed by the first mortgagee. The State of New Jersey/Department

of Motor Vehicles [1] was scheduled as an unsecured creditor. On February 28, 2003, the Bankruptcy Court confirmed Schick's Chapter 13 plan, which provided for the curing of arrears on her mortgage and on a car loan, but no dividend to unsecured creditors.

Thereafter, the NJ MVC filed a secured claim for $3,610.12, plus interest, based on the motor vehicle surcharges assessed against Schick. The debtor moved to re-classify the NJ MVC's claim as unsecured and to avoid its lien as impairing her homestead exemption. Specifically, Schick argued that the NJ MVC possessed a judicial lien that impaired her exemption under section 522(d)(1) of the Code, and therefore, the lien could be avoided under section 522(f). The Bankruptcy Court agreed, holding that the lien held by the NJ MVC pursuant to New Jersey's surcharge statute, N.J. Stat. Ann. § 17:29A–35(b)(2), which confers upon the NJ MVC the benefits of a civil judgment docketed in the Superior of Court, is a judicial lien rather than a statutory lien within the meaning of the Code, and therefore avoidable under section 522(f) to the extent that it impaired the debtor's homestead exemption. *In re Schick*, 301 B.R. 170, 175 (Bankr.D.N.J.2003).

The NJ MVC now appeals the Bankruptcy Court's decision, arguing that its lien is statutory because it arises "solely by force" of New Jersey's surcharge statute, and thus cannot be avoided under section 522(f) of the Code.

## II. DISCUSSION

 This Court has appellate jurisdiction over a final order or judgment of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse of discretion. *In re Woskob*, 305 F.3d 177, 181 (3d Cir.2002), *cert. denied*, 538 U.S. 961, 123 S.Ct. 1762, 155 L.Ed.2d 513 (2003); *Interface Group–Nevada, Inc. v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 145 F.3d 124, 131 (3d Cir.1998). Because the issue presented involves a legal question, the Court's review of the Bankruptcy Court's decision is plenary.

The Bankruptcy Code recognizes three types of liens: judicial, statutory and consensual (*e.g.*, a security interest). *See Graffen v. City of Philadelphia*, 984 F.2d 91, 96 (3d Cir.1992) (citations omitted). As the NJ MVC's lien was not created by consent, the Court must determine whether it is either judicial or statutory as those terms are defined under the Code. This distinction is significant because section 522(f) permits debtors to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien...." 11 · U.S.C. § 522(f)(1)(A). A judicial lien is defined as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). By contrast, a statutory lien arises "solely by force of a statute on specified circumstances or conditions." 11 U.S.C. § 101(53). Despite these seemingly straightforward definitions, courts have failed to articulate a clear formula for determining when a lien is either judicial or statutory. *See In re A & R Wholesale Distrib., Inc.*, 232 B.R. 616, 620 (Bankr.D.N.J.1999)(noting the Code pro-

---

**1.** The New Jersey Division of Motor Vehicles became the NJ MVC on January 28, 2003 pursuant to the Motor Vehicle Security and Customer Service Act, N.J. Stat. Ann. § 39:2A–1 *et seq.* The designations are used interchangeably herein.

vides " 'very little guidance for distinguishing a judicial lien from a statutory lien' ")(quoting *In re Aikens*, 87 B.R. 350, 353–54 (Bankr.E.D.Pa.1988)); *compare Schick*, 301 B.R. 170, 175 (finding liens held by NJ MVC from unpaid motor vehicle surcharges are judicial liens), *and In re James*, 304 B.R. 131, 136 (Bankr.D.N.J. 2004)(same), *with In re Fennelly*, 212 B.R. 61, 66 (D.N.J.1997) (finding liens held by NJ MVC from unpaid motor vehicle surcharges are statutory liens).

■■■ Nevertheless, some basic principles can be distilled from the legislative history of the Code and relevant case law. First, the legislative history indicates that "[a] statutory lien is only one that arises automatically and is not based on an agreement to give a lien or on judicial action." H.R.Rep. No. 595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 27 (1978), U.S.Code Cong. & Admin.News 1978, 5963, 6271, 5787, 5811; *see Gardner v. Pennsylvania, Dep't of Public Welfare*, 685 F.2d 106, 109 (3d Cir.)(stating that statutory lien "must be a lien arising automatically by operation of a statute, not one requiring subsequent judicial action"), *cert. denied*, 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1982); *In re Sullivan*, 254 B.R. 661, 664 (Bankr.D.N.J. 2000)(same); *see generally In re Washington*, 242 F.3d 1320, 1323 (11th Cir.2001) (noting that "courts have found that liens that arise by operation of law without judicial action are not 'judicial liens' for purposes of § 522(f)(1) because they are not obtained through the judicial process"). On the other hand, where liens do not arise automatically and solely by force of statute, but rather are obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding, such liens are deemed judicial liens. *See, e.g., Gardner*, 685 F.2d at 108–09 (recognizing that public welfare lien, obtained by confessed

judgment, was a judicial lien avoidable under section 522(f)(1) of the Code because notes were not valid and enforceable until filed as judgments); *In re Downey*, 261 B.R. 124, 127–28 (Bankr.D.N.J.2001)(finding that lien under state workers' compensation statute was a judicial lien because the statute specifically required judicial action to establish debtor-employer's liability). Second, "whether a lien arises by force of a statute is determined by state law or by federal non-bankruptcy law." 5 *Collier on Bankruptcy* ¶ 545.01[2] (15th ed. rev.1996); *Sullivan*, 254 B.R. at 665 (citing *In re Loretto Winery, Ltd.*, 898 F.2d 715, 720 (9th Cir.1990)). Thus, to decide whether a lien is statutory or judicial, a court must consider the nature of the lien, *i.e.*, whether it arises automatically and by force of statute or whether it is based on an agreement to give a lien or on judicial action, in the context of the relevant state or federal non-bankruptcy law.

■■ Here, the NJ MVC's secured proof of claim is predicated on certificates of debt from the Clerk of the New Jersey Superior Court pursuant to N.J. Stat. Ann. § 17:29A–35(b)(2) (the "surcharge statute"). The statute provides:

As an additional remedy, the commission may issue a certificate to the Clerk of the Superior Court stating that the person identified in the certificate is indebted under this surcharge law in such amount as shall be stated in the certificate. The certificate shall reference the statute under which the indebtedness arises. Thereupon the clerk to whom such certificate shall have been issued shall immediately enter upon the record of docketed judgments the name of such person as debtor; the State as creditor; the address of such person, if shown in the certificate; the amount of the debt so certified; a reference to the statute under which the surcharge is assessed,

and the date of making such entries. The docketing of the entries shall have the same force and effect as a civil judgment docketed in the Superior Court, and the commission shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action, but without prejudice to any right of appeal.

N.J. Stat. Ann. § 17:29A–35(b)(2).

As to whether the NJ MVC possesses a statutory or judicial lien for unpaid motor vehicle surcharges, United States District Court Judge Brown has held that such a lien arises "solely by force of statute," thereby falling within the Code's definition of a statutory lien. *Fennelly,* 212 B.R. at 66. Relying on the Third Circuit's decision in *Graffen v. City of Philadelphia,* 984 F.2d 91, 96 (3d Cir.1992), Judge Brown noted that the surcharge statute "merely allows the director of the DMV to issue a certificate to the Clerk of the Superior Court identifying the debtor and the amount of the debt," who upon receiving the certificate enters the lien on the record of docketed judgments. *Fennelly,* 212 B.R. at 65. Judge Brown also stated that the "mere ministerial act of recording the lien does not create the requisite legal process or proceeding required to be a judicial lien." *Id.* Consequently, the court held that the NJ MVC's lien was statutory, and thus could not be avoided under section 522(f).

The Bankruptcy Court diverged from *Fennelly* and *Graffen,* holding New Jersey's surcharge statute imposed a judicial lien rather than a statutory lien. *Schick,* 301 B.R. at 171; *accord James,* 304 B.R. at 136. Its main point of disagreement with those cases centered on whether the surcharge lien was "obtained ... by other legal or equitable process or proceeding," the inquiry conducted by *Fennelly* and

*Graffen,* as opposed to whether it was "obtained by judgment," the inquiry conducted by the Bankruptcy Court. *Schick,* 301 B.R. at 173. The Bankruptcy Court concluded that New Jersey's surcharge statute, which confers upon the NJ MVC the benefits of "a civil judicial judgment docketed in the Superior Court," and which in turn serves as the basis for which the NJ MVC may obtain a lien for unpaid surcharges against the debtor's property, renders the NJ MVC's lien of one "obtained by judgment" within the Code's definition of a judicial lien. *Id.* at 173–74. The court also contrasted the surcharge statute with the water lien statute discussed in *Graffen,* finding that the two statutes differed materially in that the New Jersey statute conferred a judgment upon the NJ MVC, whereas the Pennsylvania statute expressly conferred a lien upon the municipality, which, unlike a judgment, cannot be enforced against personalty or collected from the responsible owners in other ways. *Id.* at 174. Finally, while "readily acknowledging that a judgment is customarily achieved by legal process or proceeding," the court nonetheless noted that "the definition of judicial lien only requires that the lienor hold a judgment against the debtor." *Id.* at 175. Thus, the court concluded that where a "statute effectively confers a judgment rather than an express lien in favor of a party, the party holds a judicial lien, as that term is defined in the Bankruptcy Code." *Id.*

The NJ MVC argues that the Bankruptcy Court's distinction between the New Jersey surcharge statute, which uses the word "judgment," and the Pennsylvania water lien statute discussed in *Graffen,* which used the word "lien," elevates form over substance and ignores the lack of any judicial action associated with obtaining a lien under those statutes. It contends that

like the statute discussed in *Graffen,* which automatically conferred a lien to the City of Philadelphia upon the docketing of a lien by the prothonotary, the surcharge statute automatically confers a lien to the NJ MVC upon the docketing of the judgment by the Clerk of the Court without any judicial action. In opposition, Schick relies on the courts' reasoning and analyses in *Schick* and *James,* respectively, in support of her argument that the surcharge statute confers a judgment lien rather than a statutory lien. Despite the well-reasoned decisions of *Schick* and *James,* this Court finds that the NJ MVC's surcharge lien is statutory, and thus cannot be avoided by the debtor under section 522(f).

A comparison of New Jersey's tax lien and construction lien statutes with the surcharge statute at issue is instructive. New Jersey's tax lien statute expressly grants a lien to the appropriate municipality or governmental entity. N.J. Stat. Ann. § 54:49-1 ("Such [tax] debt, whether sued upon or not, shall be a lien on all the property of the debtor"). Once the appropriate agency assesses the tax, no judicial action is required to enforce the lien. *Sullivan,* 254 B.R. at 664. In other words, the tax lien statute confers to the State a valid and enforceable right to collect unpaid taxes on the day of assessment without any judicial action. Similarly, under the New Jersey Construction Lien Law, a contractor who provides work, services, material or equipment pursuant to a contract is entitled to a lien for the value of the work or services performed, or materials or equipment furnished in accordance with the parties' contract. N.J. Stat. Ann. § 2A:44A-3 ("Any contractor, subcontractor or supplier who provides work, ser-

vices, material or equipment pursuant to a contract, shall be entitled to a lien for the value of the work or services performed, or materials or equipment furnished. . . . The lien shall attach to the interest of the owner in the real property."). Again, like the lien created under the tax lien statute, the construction lien statute grants to the contractor the right to collect for services rendered upon the completion of the contractor's work without any judicial process or proceeding.

Pursuant to New Jersey's motor vehicle surcharge statute, the director of the DMV issues a Certificate of Debt to the Clerk of the Superior Court identifying the debtor and the amount of the debt. N.J. Stat. Ann. § 17:29A-35(b)(2). Upon receiving the certificate, the Clerk of the Court dockets it as a judgment, which has the same force and effect as "a civil judgment docketed in the Superior Court," including all the remedies and procedural mechanisms "for the collection thereof which may be had or taken upon the recovery of a judgment in an action." *Id.* By operation of state law, the docketing of the judgment by the Clerk of the Court imposes a lien on the debtor's real property. *See* N.J. Stat. Ann. § 2A:16-1.[2] Thus, like the tax lien and construction lien statutes, the surcharge statute automatically confers to the NJ MVC the right to recover unpaid motor vehicle surcharges from the debtor without any judicial action—the hallmark of a statutory lien.

A review of the Third Circuit's decision in *Graffen v. City of Philadelphia,* 984 F.2d 91 (3d Cir.1992), further persuades this Court that the NJ MVC's lien falls within the Code's definition of a statutory lien rather than a judicial lien. In *Graffen,* the court addressed whether a lien ob-

---

**2.** "No judgment of the superior court shall affect or bind any real estate, but from the time of the actual entry of such judgment on the minutes or records of the court." N.J. Stat. Ann. § 2A:16-1.

tained by the City of Philadelphia for unpaid water and sewer charges was statutory or judicial. There, the municipal lien statute authorized the City to determine the amount of the lien, and then have the prothonotary, or court clerk, docket the lien in a judgment index.[3] The debtors argued that the lien could be avoided as a judicial lien under 11 U.S.C. § 522(f). The Third Circuit disagreed, holding that the lien was statutory because it was not obtained by "legal process or proceeding." *Id.* at 96. Those terms, explained the court, "inherently relate to court procedures or perhaps similar administrative proceedings." *Id.* While the court recognized that in some instances a judicial proceeding may be *ex parte, id.* (citing *Gardner,* 685 F.2d at 108), it found that where the City administratively determined the amount of the lien, and the court clerk then docketed the lien in that amount, the lien arose " 'solely by force of statute.' " *Id.* Moreover, the court noted that the act of docketing the City's lien in a judgment index by the prothonotary did not change the nature of the lien because it simply constituted "a specified condition for creation of the statutory lien as defined in 11 U.S.C. § 101(53)." *Id.* at 97.

Similar to the water lien statute discussed in *Graffen,* the surcharge statute automatically confers to the NJ MVC the right to recover unpaid motor vehicle surcharges upon the docketing of the judgment by the Clerk of the Court. Although the statute does not specifically use the word "lien," no judicial action is necessary for entry of the NJ MVC's judgment granted under the statute and the conse-

quent creation of a lien by the recording of that judgment. Furthermore, the mere ministerial act of recording the judgment does not change the fact that the right to recovery arises solely by force of the surcharge statute. The nature of the lien held by the NJ MVC is a creature of statute and not one born out of any judicial process or proceeding. *Fennelly,* 212 B.R. at 66 (citing *Graffen,* 984 F.2d at 96); *see also In re Zukowfsky,* Civ. No. 95–2817, 1995 WL 695108 *4 (E.D.Pa. Nov.21, 1995) (concluding that statute's use of the word "judgment" to characterize the lien imposed was belied by the lack of judicial process necessary to effectuate lien), *aff'd,* 92 F.3d 1175 (3d Cir.1996). Accordingly, the Court concludes that because the NJ MVC's lien arises by force of the surcharge statute, the NJ MVC's lien is statutory under 11 U.S.C. § 101(53), and thus cannot be avoided under section 522(f).

## III. CONCLUSION

For the foregoing reasons, the Court finds that the NJ MVC's lien is a statutory lien that cannot be avoided by the debtor under 11 U.S.C. § 522(f). The Bankruptcy Court's decision is reversed and the matter is remanded for proceedings consistent with this Opinion and the accompanying Order.

### *ORDER*

THIS MATTER having come before the Court on Notice of Appeal from *In re Schick,* 301 B.R. 170 (Bankr.D.N.J.2003), by Mary J. Goldschmidt, Deputy Attorney General, on behalf of Appellant the New

---

**3.** Pa. Stat. Ann. tit. 53, § 7106(b) provides as follows:

> With the exception of those claims which have been assigned, any municipal claim, including interest, penalty and costs, imposed by a city of the first class, shall be a lien only against the said property after the

lien has been docketed by the prothonotary. The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien. The prothonotary shall enter the claim in the judgment index.

Jersey Motor Vehicle Commission; and the Court having considered the moving papers; and Appellee's opposition thereto; and for the reasons expressed in this Court's Opinion attached hereto; and

IT IS this **4th day of May, 2004** hereby

**ORDERED** that the Bankruptcy Court's decision in *In re Schick*, 301 B.R. 170 (Bankr.D.N.J.2003) is **REVERSED**, and the matter is **REMANDED** for further proceedings consistent with the Opinion and Order.